### CITY OF POCATELLO v. FIDELITY & DEPOSIT CO. OF MARYLAND.

(Circuit Court of Appeals, Ninth Circuit. September 7, 1920.)

#### No. 3471.

Contracts ⬲10(1)—Municipal corporations ⬲347(1)—Option to city to terminate contract held to render it unenforceable against sureties for want of mutuality.

    A city contract, which provided that, if the city for any reason failed to sell bonds due to be sold on a certain date, it might terminate the contract was voidable at the option of the city, since it required no steps for the sale of the bonds, and the contract was therefore unenforceable against the surety of the contractor for want of mutuality.

In Error to the District Court of the United States for the Eastern Division of the District of Idaho; Frank S. Dietrich, Judge.

Action by the City of Pocatello against the Fidelity & Deposit Company of Maryland. Judgment for defendant on sustaining demurrer to the complaint, and plaintiff brings error. Affirmed.

Ross W. Bates, of Boise, Idaho, and B. A. Cummings, of Pocatello, Idaho, for plaintiff in error.

Wyman & Wyman, of Boise, Idaho, for defendant in error.

Before GILBERT, ROSS, and HUNT, Circuit Judges.

HUNT, Circuit Judge. Action by the city of Pocatello, Idaho, upon a bond given by Mitchell, contractor, with the Fidelity Company as surety, for the faithful performance of a construction contract relating to an additional water supply for the city. The complaint states that work was to begin February 1, 1917, and to be finished not later than May 10. No work was done, and under the provisions of the contract, if the contractor failed diligently to proceed, the city could have the work done at the expense of the contractor. After notice to the contractor to proceed, and after his failure to act, the city did the work at an expense in excess of the contract price, and thereafter brought this action against the surety company to recover the excess sum paid. General demurrer was sustained, and the action was dismissed, whereupon the city brought writ of error.

Article 11 of the contract provided that if—

"for any reason the city of Pocatello shall fail to make sale of and receive money for the $150,000 of waterworks bonds due to be sold on the 8th day of January, 1917, then and in that event this contract, at the option of the party of the second part, may be terminated without the party of the second part becoming liable in any manner or upon any account to the party of the first part upon any claim or demand whatsoever."

There is no allegation that the city failed to sell the bonds on January 8th, but it is alleged that upon April 16th the city engineer notified the contractor that he must proceed by the 19th, and that on April 19th the contractor said he could not proceed with the work unless the city would grant an extension of time for performance sufficient to cover the delay in selling bonds, and that he would proceed "only upon the condition" that the extension be granted. Whether Mitchell was ever advised by the city that it waived or intended to waive whatever right of option it may have had under article 11 does not appear.

Under the contract the option of the city was conditional upon the failure to sell the bonds, and the city had the right to exercise the option of terminating the contract at any time. Had Mitchell proceeded with the work, he would have done so, knowing that the city could terminate the contract any time without liability to him in any manner, or upon any account, or upon any claim or demand that he might have had for work he had already done. There is no provision in the contract requiring the city to make an effort to sell its bonds, and no specification as to terms or conditions upon which sale of the bonds was to have been had. The purpose of the city, as made apparent by the language of article 11, was to reserve the right to terminate the contract, provided it did not dispose of its bonds, and in

the exercise of such right, to escape any liability to any one upon any claim or demand whatever. A contract of such a nature could not be enforced; it lacks mutuality. There was no performance by either party to the contract and no waiver of lack of mutuality. Parsons on Contracts (9th Ed.) 486.

The judgment is affirmed.