[No. 36277.   Department Two.   May 9, 1963.]

ARNOLD W. WETHERBEE et al., Appellants, v. CALVIN W. GARY, Respondent.*

* Reported in 381 P. (2d) 237.

*Willis C. Oldfield* and *E. Albert Morrison*, for appellants.

*William E. Rohrs*, for respondent.

WEAVER, J.—This is an action for specific performance of an option to buy real property. Plaintiff appeals from a judgment dismissing his action with prejudice, entered at the end of his case in chief.

The depth of our inquiry is governed by plaintiff's evidence. He is entitled to have the evidence, and all reasonable inferences therefrom, interpreted in a manner most favorable to him. *Robertson v. Club Ephrata*, 48 Wn. (2d) 285, 290, 293 P. (2d) 752 (1956), and authorities cited.

Defendant owned two tracts of land—one containing 65 acres, the other 70 acres. Defendant had listed the 65-acre tract with a real estate broker. Plaintiff inspected the 65-acre tract, discovered defendant owned the 70-acre tract nearby, and told the broker:

"If you will make out an option on that [the 70-acre tract] so I can buy both tracts, I will buy the 65 from you."

The broker prepared an earnest money agreement for the 65-acre tract and a purported option agreement for the purchase of the 70-acre tract. The latter is not a model of legal draftsmanship. The scrivener changed a printed form of "Earnest Money Receipt and Agreement" into an option.

Plaintiff signed both instruments and, with the broker, called upon defendant to obtain his signature to the agreements. Plaintiff testified:

". . . he [defendant] looked at the other paper [the option], . . . and he said, 'No, I am not going to go for this.' Mr. Beckim [the broker] says, 'For why?' and he says, 'Because if I sign this, the way it states, he can buy—' that means myself, I could buy the 70 acres without buying the 65. He also stated, 'I don't want to sell the 70 unless I sell this one.' That is the 65. So they also put on the other paper [the option], 'Void if other sale falls through."

After this exchange and the insertion of the suggested clause in the option, defendant signed both instruments and plaintiff gave him $200.

The parties later executed a contract for the purchase of the 65-acre tract. The price has been paid and a deed delivered to plaintiff. The 65-acre tract is not involved in the instant case.

The instrument providing for the purchase of the 70-acre tract, upon which this action is based, is designated "Option"; it describes " . . . land owned by Calvin Gary [defendant] . . ." (see later discussion of description); it is signed by plaintiff, as "purchaser," and by defendant, as "seller"; it provides:

" . . . Total Purchase price is *five thousand on time or four thousand five hundred cash* DOLLARS ($4,500.00), payable as follows: *cash or five thousand on time on or before January fifteenth 1961*". (The italicized portion is typewritten; the other words are printed.)

Added in longhand and initialed by plaintiff is the phrase: "Void if other sale falls through."

August 12, 1960, plaintiff tendered a check for the cash purchase price of the 70-acre tract. Upon defendant's refusal, plaintiff commenced this action for specific performance and deposited the full purchase price into court.

In its oral memorandum opinion, the trial court said:

" . . . it seems to me that the option agreement is fatal for two [three] reasons: One, failure of consideration, and two, because it does not have any provisions of how this payment is to be made, and [three] there is no meeting of the minds."

Plaintiff's assignments of error present the questions of law decided by the trial court.

■ This court has defined an option to purchase real property as

" . . . a contract by which one party, owner of the property and termed the optionor, for valuable consideration, sells to another party, called the optionee, the right to buy, or agrees with that other party that the latter shall have the privilege of buying, the property within the time, for the price, and upon the terms and conditions specified in the option agreement, but which of itself imposes no obligation on the optionee to purchase the property. . . .
" . . .

"If the option, which is in effect a continuing offer, is supported by sufficient consideration, it becomes a binding contract and cannot be withdrawn or revoked by the optionor duing the time specified therein. . . ." *Hopkins v. Barlin*, 31 Wn. (2d) 260, 266, 196 P. (2d) 347 (1948).

Was there consideration for the option? We believe there was. Giving to plaintiff's evidence the favorable interpretation to which it is entitled, we conclude there was a *single transaction* involving two facets—the agreement to purchase the 65-acre tract and the option to purchase the 70-acre tract. It was defendant's own suggestion that the two agreements be tied together by insertion in the option agreement the clause: "Void if other sale falls through."

■ It is true that the $200 payment made at the time defendant signed the instruments was identified as earnest money on the purchase of the 65-acre tract, and was eventually applied to the purchase price thereof; but this payment, together with the completion of the purchase of the 65-acre tract is sufficient consideration for the option.

Restatement, Contracts § 83 provides:

"Consideration is sufficient for as many promises as are bargained for and given in exchange for it if it would be sufficient.

"(a) for each one of them if that alone were bargained for, . . ."

"An option to buy or sell is frequently given as a part of a larger contract with other purposes; and a consideration sufficient to make the option binding and irrevocable may be found in the consideration that the optionee gives in that larger contract. . . ." 1 Corbin, Contracts § 266.

We do not share the trial court's conclusion that the option is invalid ". . . because it does not have any provision of how this payment is to be made. . . ."

■ Courts do not lightly declare a contract void for lack of certainty, but will endeavor to discover the true meaning and intent of the parties. *Westland Constr. Co. v. Chris Berg, Inc.*, 35 Wn. (2d) 824, 833, 215 P. (2d) 683 (1950).

■ We said, in *Platts v. Arney*, 46 Wn. (2d) 122, 126, 278 P. (2d) 657 (1955):

"The defense of uncertainty in the terms of a contract is not applicable in an action based upon the contract when performance has made it certain in every respect in which it might have been regarded as uncertain. [Citing authorities.]"

The option provides:

"Total purchase price is . . . four thousand five hundred cash DOLLARS ($4,500.00) payable . . . on or before January fifteenth 1961".

Plaintiff tendered the full amount of the purchase price before January 15, 1961. He did not attempt to purchase on time. Therefore, assuming arguendo there is an uncertainty of time payments, it is irrelevant.

■ We equate "meeting of the minds" with "mutual assent" or "mutual intention."

"Since only in very exceptional circumstances can informal contracts be created except by a manifestation of assent of the parties to the terms of the promise and to the consideration for it, it is ordinarily necessary for one of the parties to propose to the other the promise which he

will make for a certain consideration, or to state the consideration which he will give for a certain promise. That is, a proposal or offer is necessary. . . ." 1 Williston, Contracts (3d ed.) § 23 (1957).

There is no evidence that defendant misunderstood plaintiff's offers, or intended something different, or refused the offers, or made a counter-offer that went unaccepted. Defendant accepted the offers and acknowledged his acceptance by signing both documents.

The record does not support the conclusion that there ". . . is no meeting of the minds."

Further, defendant contends the option is ambiguous and unenforcible for additional reasons which we notice briefly:

(1) No place of sale closure or date of change of possession are indicated. These deficiencies, if such they be, may be supplied by reasonable inference. See *Duprey v. Donahoe,* 52 Wn. (2d) 129, 135, 323 P. (2d) 903 (1958); 5 Corbin, Contracts § 1174. They have been cured by tender of the full cash purchase price.

(2) The clause "Void if other sale falls through" is handwritten in the body of the option, while a printed clause states: "There are no verbal or other agreements which modify or affect this agreement." Assuming, arguendo, that this creates an irreconcilable ambiguity, the former controls the latter. *Preugschat v. Hedges,* 41 Wn. (2d) 660, 664, 251 P. (2d) 166 (1952), and authorities cited. Construing both instruments together as part of the same transaction, as we must, we find no ambiguity, for the provisions are mutually inclusive.

(3) The option contains an incorrect legal description of the 70-acre tract. At commencement of the trial, counsel stipulated that the sufficiency of the legal description was not an issue in the case. It has long been held that a question not raised in the trial court will not be considered on appeal. *Seattle v. Shields,* 60 Wn. (2d) 859, 862, 376 P. (2d) 535 (1962), and authorities cited.

The judgment of dismissal is reversed and the case remanded for further proceedings.

Plaintiff will recover his costs on appeal. Rule on Appeal 55, RCW Vol. 0.

It is so ordered.

OTT, C. J., DONWORTH, FINLEY, and HAMILTON, JJ., concur.