[No. 39679.     Department One.     September 25, 1969.]

CHARLES E. ROBERTSON, *Appellant,* v. STATES MARINE LINES, INC., *Respondent.*\*

*Donald J. Horowitz* (of *Farris, Bangs & Horowitz*), for appellant.

*John P. Sullivan* (of *Bogle, Gates, Dobrin, Wakefield & Long*), for respondent.

\*Reported in 459 P.2d 37.

796

LEAHY, J.†—Appellant Charles E. Robertson brought suit against his employer, States Marine Lines, Inc., contending that through its negligent failure to properly assist, the appellant was convicted of the crimes of burglary and assault while he was a seaman on the respondent-owned vessel, SS *Copper State* in Naha, Okinawa. The trial court granted respondent's motion to dismiss challenging the sufficiency of the evidence, and Robertson now appeals that decision.

The appellant was charged and convicted of robbery and assault of a female bartender. Robertson, on the night in question, had been drinking extensively, both as to time and intake, at a local Okinawa bistro, rather inappropriately named the Bar Hope. Incidents involving the respondent and bodily contact with another allegedly took place both inside and outside the said establishment. One of the above occasions involved the alleged act of burglary.

Appellant had returned to the ship when two military policemen and two Okinawan policemen came aboard and questioned him about the incident. Robertson left the ship with them voluntarily, was taken to the police station and was identified by his alleged victim. He was then searched and money wrapped in paper, having the victim's name and address upon it, was allegedly found on Robertson's person.

He was then placed in jail and a local attorney was appointed for him by the court. Thereafter he was convicted of the charges and sentenced to 3½ years in the Okinawan penitentiary, serving approximately 17½ months. Robertson then returned to the United States and brought this action, alleging that respondent had failed to provide him with appropriate assistance and advice at the time of his arrest and ensuing trial, thereby materially assisting in bringing about his wrongful conviction.

■ The sole error upon which appellant appeals is whether the trial court erred in dismissing the action upon respondent's motion, challenging the sufficiency of the evi-

†Justice Leahy is serving as a justice pro tempore of the Supreme Court pursuant to Const. art. 4, § 2(a) (amendment 38).

dence. Consequently this court must and does view the evidence herein, and all reasonable inferences therefrom, in the light most favorable to appellant. *Wetherbee v. Gary,* 62 Wn.2d 123, 381 P.2d 237 (1963).

The question presented to this court is twofold. First, if, under the facts of this case, the law imposes a duty upon the respondent to provide adequate and reasonable assistance, legal or otherwise, to assist appellant in his own defense. Secondly, if the law does impose such a duty, was this duty breached by the respondents?

Assuming arguendo that the law does impose such a duty, it then becomes necessary to determine from the facts of this case whether the respondent in any way breached said duty and thus caused appellant's plight.

Appellant makes much of the fact that he was tried in a foreign country without a jury and argues that he was not afforded due process, particularly since his attorney incompetently represented him. We find, however, no evidence, even if the above were correct, that all this was brought about by any breach of duty on respondent's behalf.

There is no question in this court's mind that appellant was represented by competent, active counsel in the person of Mr. Tsuyoshi Ginoza. Mr. Ginoza was educated in the law department of the University of Chuo at Okinawa and had also received a master's degree from the University of Wisconsin Law School. Not only was he fluent in both Japanese and English, but he was an experienced legal practitioner in the criminal law of Okinawa, having handled approximately two criminal cases a month from the time of his admission to practice in April, 1963, to the time he was appointed to represent appellant.

Mr. Ginoza made and argued a pretrial motion regarding jurisdiction and represented appellant during the trial, which consumed four sessions, including sentencing. In addition, he contacted appellant with regard to appealing the conviction but appellant refused to give the required authorization, which was necessary under Japanese law. Mr. Ginoza then petitioned the High Commissioner for clemency, with the

authorization of appellant, and was successful in having the sentence reduced.

■ The procedures followed by Mr. Ginoza were in accordance with the Japanese law for the government of the Ryuku Islands of which Okinawa is a part. Where an alleged crime has been committed which affects "the peace and tranquility of the port, the jurisdiction asserted by the sovereignty of the port must prevail over that of the vessel." *United States v. Flores*, 289 U.S. 137, 158, 77 L. Ed. 1086, 53 S. Ct. 580 (1933). Consequently the appellant was subject to the jurisdiction of the Ryuku Islands and nothing the respondent might have done additionally could have changed that.

The evidence supports the conclusion that appellant received competent active legal counsel and that his case was tried in a manner consistent with the concept of a fair trial under the law of the sovereignty of the port, by which he was legally bound.

It cannot be correctly said, therefore, that appellant suffered from any acts constituting an alleged breach of duty on the part of the respondent in this regard since it is apparent that appellant did receive adequate legal counsel and it is illogical to conclude that respondent could have supplied appellant with anyone more capable of handling his defense under the circumstances, even if respondent had such a duty.

Appellant contends further that respondent failed to aid him in the preparation of his case, in the securing of information and in questioning the crew to determine if any witnesses were available who could aid appellant. Again, the record shows that appellant was represented by competent, active counsel. Respondent certainly could not be expected to take over appellant's defense to attempt to second-guess appellant's counsel in this criminal matter where appellant's attorney was obviously so well versed.

Appellant left respondent's ship voluntarily and went ashore with the local police. On leaving the ship he said "I know what they want. It's okay." This appears to be all

appellant ever told the respondent. From the record it appears that respondent was not aware of any material facts regarding this case except those already known to appellant, nor does it appear that appellant ever asked respondent for any specific help.

Furthermore, the proper American and governmental authorities were notified. A representative of the Department of Public Safety of the United States Civil Administration of the Ryuku Islands, Mr. Danbara, contacted the police concerning appellant the morning after his arrest, and also contacted appellant during his detention and conviction. Mr. Danbara also advised the American Consul that appellant was being held, as did the respondent's shore-side agent.

Appellant himself was a well-seasoned, knowledgeable seaman. He began going to sea in 1944 and had served as an ordinary seaman, an ablebodied seaman, a quartermaster, a master-at-arms and a bosun. He had been and was at the time of his arrest a union delegate for the deck department, representing them in contract problems with respondent. His former arrest record shows that he was well acquainted with varying arrest and trial proceedings. It certainly cannot be said that he was a neophyte.

It is further argued that respondent's actions constituted an abandonment of appellant. The appellant voluntarily submitted himself to a duly constituted local authority which had jurisdiction over him. There was a legal arrest, detention, trial and conviction before a regularly, duly constituted and legal court. The proper American and governmental authorities had been notified of the situation in which appellant was involved. This total factual pattern certainly doesn't come even close to approaching abandonment.

We fail to see how appellant suffered as a result of any alleged breach of reasonable duty on the part of respondent. Not only does it appear that respondent could not have done anything else but what was being done for appellant, it also appears to this court that nearly everything was

800

being done for appellant that could have been done under the prevailing circumstances. Appellant's attorney, in presenting this case, competently prosecuted appellant's defense, as the learned trial judge points out, "in that atmosphere, in that social circumstance, to that particular three-judge court."

As we stated earlier, we have viewed the evidence herein, and all reasonable inferences therefrom in a light most favorable to appellant, but are of the opinion that there is no substantial evidence in the record to establish that respondent breached any alleged reasonable duty to assist appellant in his legal defense.

Since we have determined that respondent's actions did not breach any duty to appellant to provide reasonable and adequate assistance to appellant for his defense, it is not necessary for us to determine at this time whether in fact such a duty does actually exist.

The judgment is affirmed.

HUNTER, C. J., FINLEY, WEAVER, and HAMILTON, JJ., concur.