IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON, | No. 79393-4-I |
| Respondent, | DIVISION ONE |
| v. | UNPUBLISHED OPINION |
| JOEL ZELLMER, | |
| Appellant, | |
| JENNIFER HILLS, MANAGER, KING COUNTY DEPARTMENT OF RISK MANAGEMENT, | |
| Garnishee Defendant. | FILED: March 23, 2020 |

CHUN, J. — In a separate matter, Joel Zellmer sued King County under the Public Records Act (PRA). The County agreed to pay Zellmer $36,500 to settle the lawsuit. Then, in this matter, the State sought to garnish $30,000 of the settlement funds to satisfy some of Zellmer's pre-existing legal financial obligations. Zellmer claimed that numerous exemptions applied to a portion of the $30,000, but the trial court rejected his arguments and ordered garnishment. Zellmer appeals and argues that the trial court erred by (1) failing to determine that the State acted with unclean hands, (2) declining to award him prejudgment interest, and (3) not awarding him attorney fees and costs. We affirm.

## I. BACKGROUND

On December 20, 2010, the King County Superior Court ordered Zellmer to pay $60,370.67 in restitution as a condition of a criminal sentence.

In 2017, Zellmer filed a PRA lawsuit against King County in Snohomish County Superior Court. On April 4, 2018, the King County Department of Executive Services (KCDES) accepted a settlement offer by Zellmer. In exchange for $30,000 in penalties, $6,000 in legal fees, and $500 in costs (totaling $36,500), Zellmer agreed to dismiss his PRA lawsuit.

Later that day, after reading KCDES's proposed settlement agreement, Zellmer asked the agency whether it would be willing to include a "no garnishment" provision in the agreement. KCDES refused. KCDES moved to enforce the settlement agreement on May 15, 2018. Zellmer opposed the motion. On May 24, 2018, the Snohomish County Superior Court granted KCDES's motion.

On June 18, 2018, in this matter, the State applied for a writ of garnishment in King County Superior Court. The application names the King County Department of Risk Management as garnishee. The application indicates Zellmer owing the State of Washington $75,764.90.

In the garnishment proceedings, Zellmer filed an exemption claim on July 3, 2018. He claimed a total exemption of $25,000 related to attorney fees, costs, "other personal property" under RCW 6.15.010(1)(d)(ii), and loans as exempt "other property." The State objected to Zellmer's exemption claim.

On September 5, 2018, the King County Superior Court held a hearing regarding Zellmer's claimed exemptions. The State provided that it sought to garnish $30,000 from Zellmer's settlement to pay some of his legal financial obligations. The court determined none of his claimed exemptions applied. At the end of the hearing, the court entered its Judgment on Answer and Order to Pay permitting the garnishment of $30,000 and imposing a 12 percent annual interest rate on the judgment. The court rejected Zellmer's request for prejudgment interest.

Zellmer moved for reconsideration on September 14, 2018. The court denied the motion on November 2, 2018. Zellmer appeals.

## II. ANALYSIS

### A. Unclean Hands

Zellmer claims that the "court's failure to apply the clean hands doctrine enabled [King County] to breach its duty to pay Zellmer." The State asserts that it acted in good faith. We reject Zellmer's argument.

We review a lower court's determination on whether a party comes to court with unclean hands for an abuse of discretion. See Burt v. Dep't of Corr., 191 Wn. App. 194, 199, 361 P.3d 283 (2015) (concluding a trial court did not abuse its discretion by deciding that a party came into court with unclean hands).

Zellmer does not properly challenge the trial court's rejection of his exemption claim.[1] He asserts, however, that the State acted with unclean hands;

---

[1] Zellmer did appeal the Judgment on Answer and Order to Pay and assigned error to the court's rejection of his exemption claims. While his opening brief omits any

he claims the County had a conflict of interest, as it owed him money through the settlement but also sought to collect money from him for restitution. He purports to bolster this argument by claiming that the County's promise to pay him in the settlement was discretionary and therefore illusory.

Preliminarily, while the State does not so argue, it does not appear the unclean hands defense even applies to this action at law. "It is well settled that a party with unclean hands cannot recover in *equity.*" Burt, 191 Wn. App. at 210 (emphasis added) (citing Miller v. Paul M. Wolff Co., 178 Wn. App. 957, 965, 316 P.3d 1113 (2014)). Because a writ of garnishment constitutes an action for an ordinary money judgment, it is an action at law. Ingle v. Ingle, 183 Wn. 234, 236, 48 P.2d 576 (1935) (noting that a writ of garnishment is an action at law); Mechanical, Inc. v. Lydig Const., Inc., 89 Wn. App. 893, 902 n.26, 951 P.2d 311 (1998) ("If the remedy sought is a coercive order, the claim is equitable; . . . . An action for an ordinary money judgment . . . is an action at law.") (alteration in original) (internal quotation marks and citation omitted)). Thus, because a writ of garnishment is an action of law and the unclean hands defense relates only to equitable actions, it appears the defense does not apply.

Even so, Zellmer's unclean hands argument still fails. "[U]nclean hands . . . is a figurative description of a class of suitors to whom a Court of

___

argument addressing this assignment of error, his reply brief contains a single paragraph asserting that he is entitled to receive the exempted funds. Assignments of error not argued or discussed in an opening brief are considered abandoned, even though a party included argument on that assignment in their reply brief. Dickson v. United States Fid. & Guar. Co., 77 Wn.2d 785, 787-88, 466 P.2d 515 (1970). As such, we do not address this claim.

4

Equity as a court of conscience will not even listen, because the conduct of such suitors is unconscionable, i.e. morally reprehensible as to known facts." J.L. Cooper & Co. v. Anchor Sec. Co., 9 Wn.2d 45, 72, 113 P.2d 845 (1941) (internal quotation marks and citation omitted). The party's "willful misconduct" must relate to the matter in litigation. J.L. Cooper, 9 Wn.2d at 73.

Here, Zellmer argues the State acted with unclean hands because it intentionally made an illusory promise.[2] "An 'illusory promise' is a purported promise that actually promises nothing because it leaves to the speaker the choice of performance or nonperformance." Interchange Assoc. v. Interchange, Inc., 16 Wn. App. 359, 360, 557 P.2d 357 (1976). Here, the State's promise was not illusory merely because the money went towards Zellmer's legal financial obligations rather than to him directly. Even though Zellmer did not personally receive the funds, King County still fulfilled its promise to pay through the garnishment process. Zellmer does not dispute that he owed over $30,000 in restitution. Thus, Zellmer still benefitted from his settlement with King County by having his restitution debt reduced.

Furthermore, the State did not act with unclean hands. First, it is unclear how coordination between County agents would show unclean hands or bad faith. And second, the settlement and garnishment proceedings were separate. While Zellmer filed his PRA lawsuit in Snohomish County against KCDES, the State initiated the garnishment proceedings in King County. Additionally, the

---

[2] Zellmer does not challenge the validity of his settlement with King County.

cases involved different prosecutors. In a declaration, Prosecutor Julie Cook provided that she has never represented KCDES, was not aware of Zellmer's PRA lawsuit prior to it settling, and has never worked with Prosecutor Mari Isaacson. The record does not support Zellmer's assertions that King County's departments are not "truly [] compartmentalized," that it acted in bad faith by intentionally negotiating an illusory promise, and that the prosecutors acted with "coordination and retaliation . . . to financially deprive and injure Zellmer and his counsel."

Zellmer also asserts King County failed to act with good faith because (1) it acted with gross negligence, since it sought a 12 percent per annum interest rate in the application for writ of garnishment but argued to the judge that the interest rate should be the rate applicable to all civil judgments, (2) it misrepresented to the court that it served Andrew Corsberg as Zellmer's attorney for the garnishment proceedings with the Application and Answer to Writ of Garnishment after a "'review of various records,'" (3) it misrepresented the amount Zellmer owed in legal financial obligations, and (4) its attorney stated that she represented the State in one instance and King County Clerk's Office in another. Zellmer claims that these actions demonstrate that King County engaged in a "bureaucratic shell game."

Here, the record does not suggest that any of these alleged acts persuaded the court to deny Zellmer's exemption claim. See Frase v. Johnson, 9 Wn. App. 634, 638-39, 513 P.2d 857 (1973) (rejecting a party's claim of

6

misconduct during a garnishment hearing in part because they did not suffer any prejudice). Instead, the transcript from the September 5 hearing and the court's order demonstrate that the court was aware of the history of the case and properly relied on relevant facts and applicable case law to reach its decision. The same is true for its order on reconsideration. We determine that Zellmer's claims fail.

### B. Interest

Zellmer argues that the trial court erred by not awarding him prejudgment interest on the $36,500 for the time period between May 24, 2018—the date of the order enforcing the settlement—and "until all of the funds were appropriately disbursed to the proper recipients." The State claims the court properly denied Zellmer's request for prejudgment interest. We agree with the State.

Zellmer requests prejudgment interest pursuant to RCW 19.52.010.[3] We review a trial court's determination on prejudgment interest for an abuse of discretion. TJ Landco, LLC v. Harley C. Douglass, Inc., 186 Wn. App. 249, 255, 346 P.3d 777 (2015).

"Prejudgment interest awards are based on the principle that a defendant who retains money which [they] ought to pay to another should be charged interest upon it." Hill v. Garda CL NW, Inc., 191 Wn.2d 553, 573, 424 P.3d 207

---

[3] Zellmer additionally appears to argue that the $30,000 should have accrued interest during the garnishment process at a rate of 12 percent pursuant to RCW 6.27.090(1). But RCW 6.26.090 concerns the amount a garnishee is required to hold and does not address whether a defendant is entitled to have garnished funds accrue interest during the garnishment process.

7

(2018) (internal quotation marks and citation omitted). Thus, an award of prejudgment interest under RCW 19.52.010 aims to repay a plaintiff for "use value." Hill, 191 Wn.2d at 573 (internal quotation marks and citations omitted).

Here, the State sought to garnish $30,000 of Zellmer's settlement funds. Because we reject Zellmer's unclean hands argument on appeal, we determine that the State never wrongfully retained money that it ought to have paid him. See TJ Landco, 186 Wn. App. at 256 ("A party is entitled to prejudgment interest on liquidated claims to compensate them for loss of use on money that is wrongfully withheld by another party."). Accordingly, prejudgment interest under RCW 19.52.010 does not apply to the $30,000 that the State garnished.

Zellmer also sought prejudgment interest for the $6,500, but these funds were not before the court as they were not a part of the garnishment action.[4] Zellmer does not to make any argument to the contrary. As such, the trial court did not err by declining to award prejudgment interest on the $6,500.

C. Attorney Fees

Zellmer asserts the trial court erred by declining to award him attorney fees and costs pursuant to RCW 6.27.230. He also asks for attorney fees and costs on appeal. We decide the trial court did not abuse its discretion by not awarding Zellmer fees and costs and decline to award any on appeal.

---

[4] As stated in the oral ruling, the trial court determined it did not have authority over the $6,500, because those funds were not at issue in the garnishment action in King County.

8

We review a trial court's attorney fee award for an abuse of discretion. In re Recall of Piper, 184 Wn.2d 780, 786, 364 P.3d 113 (2015). A court abuses its discretion when it makes its decision for untenable reasons or bases it on untenable grounds. Piper, 184 Wn.2d at 786.

RCW 6.27.230 provides for fees and costs to the prevailing party in a garnishment proceeding "[w]here the answer is controverted." Whether a party constitutes the "prevailing party" is a mixed question of law and fact that we review under the error of law standard. Hernandez v. Edmonds Memory Care, LLC, 10 Wn. App. 2d 869, 874, 450 P.3d 622 (2019). "An error of law is an error in applying the law to the facts as pleaded and established." In re Adoption of M.J.W., 8 Wn. App. 2d 906, 915, 438 P.3d 1244 (2019) (internal quotation marks and citation omitted).

Here, the trial court declined to award Zellmer his fees and costs under RCW 6.27.230 because it determined that he was not the prevailing party for purposes of the statute. Zellmer claims that he successfully controverted the answer "by carving out the $6,500 for costs and fees incurred in connection to the underlying settled PRA action in Snohomish County." But the State never sought to garnish the $6,500 awarded to Zellmer's attorney for attorney fees and costs. Accordingly, the trial court did not commit an error of law by determining Zellmer failed to prevail below.

Zellmer further contends that, if we determine "that interest applies to [his] withheld and garnished property, then yet another ground will emerge to consider

Zellmer the prevailing party." We, however, decline to award prejudgment interest to any portion of the settlement funds. Because we reject all of Zellmer's claims on appeal, we do not award him any attorney fees or costs.

Affirmed.

_Chun, J._

WE CONCUR:

_Spearman, J._

_Appelwick, C.J._