JAMES S. RAY *vs.* ESTHER B. CARD.

PROVIDENCE—JUNE 28, 1899.

PRESENT: Matteson, C. J., Stiness and Tillinghast, JJ.

(1) *Specific Performance. Memorandum of Sale.*

A memorandum of sale which does not describe the premises but merely refers to them as "that lot," is insufficient to answer the requirements of the statute of frauds.

While resort may be had to parol evidence to fit the description to the land, such evidence is inadmissible where there is no description.

BILL IN EQUITY for specific performance of an agreement to convey land.[1] Heard on bill, answers, and replication. Bill dismissed.

(1) PER CURIAM. Our opinion is that the letter of April 11, 1898, written by the respondent Lucy E. Whipple to the complainant, assuming it to have been in other respect a sufficient note or memorandum of sale to answer the requirements of the statute of frauds, was insufficient in that it does not describe the land. In 22 Am. & Eng. Ency. L. 968, it is stated that, while resort may be had to parol evidence to fit the description to the land, such evidence is inadmissible where there is no description. *Lee* v. *Stone*, 21 R. I. 123, was a case of the former class. In the present instance the letter contains no description whatever of the land, but merely refers to it as "that lot." For this reason the bill must be dismissed.

*Cooke & Angell*, for complainant.
*C. E. Salisbury*, for respondent.

---

[1] NATICK, R. I., Apr. 11, '98.

MR. RAY.

*Dear Sir*—In regards to that lot we have made up our minds that if you want it for five hundred dollars you may have it as we have reasons to think from what people have said that it is worth more than Mr. Whipple thought at the time he told Mr. Briggs.

Yours respectfully,

MRS. R. R. WHIPPLE.