MANUEL J. CUNHA *vs.* CATHERINE M. CALLERY, *Alias*,

JUNE 18, 1908.

PRESENT: Douglas, C. J , Dubois, Blodgett, Johnson, and Parkhurst, JJ.

(1)  *Statute of Frauds.   Memorandum in Writing.*

Memorandum of agreement was as follows: "I have sold this place to X. for $2,100 cash, and is all clear of mortgage.   (Signed)   Y."

Y. also gave X. a deed to Y., which contained a description of the property so agreed to be conveyed to X.

*Held*, that, following *Ray* v. *Card*, 21 R. I. 362, the memorandum was insufficient.

*Held, further*, that, the memorandum containing no reference to any other document, the deed could not be considered as a part of the memorandum.

ASSUMPSIT.   Heard on certification from District Court.

BLODGETT, J.   This case is an action in assumpsit, brought in the District Court of the Eighth Judicial District to recover damages for the failure of the defendant to convey to the plaintiff certain real estate, in the town of Cranston, in accordance with her agreement.   Said defendant had given to the plaintiff a memorandum, in writing, of said agreement, as follows:

"I have sold this place to Manuel J. Cunha for $2,100 cash, and is all clear of mortgage.   (Signed)   Catherine M. Callery." The defendant had also given the plaintiff a deed to the defendant, which contained a description of the property so agreed to be conveyed to the plaintiff.

Upon these facts certain questions of law arose at the hearing on the defendant's demurrer to the plaintiff's amended special count of the declaration, which have been duly certified to this court under section 478 of the Court and Practice Act.

The following are the questions so certified:

"1.   Was the memorandum in writing above referred to a sufficient memorandum to satisfy the Statute of Frauds?

"2.   Did the deed alleged to have been delivered to the plaintiff by the defendant, as above referred to, constitute a part of the memorandum in writing?

"3.   Was the above memorandum, together with the deed above referred to, a sufficient memorandum in writing to satisfy the Statute of Frauds?"

(1)   In *Ray* v. *Card*, 21 R. I. 362, the words of description were "that lot," and the description was held to be insufficient to answer the requirements of the statute; the court holding that "while resort may be had to parol evidence to fit the description to the land, such evidence is inadmissible where there is no description."   We are of the opinion that the case at bar is ruled by this decision, and accordingly we answer the first question in the negative.

Chancellor Kent, in his observations on the requirements of the statute, says (2 Kent Comm. *511): "Unless the essential terms of the sale can be ascertained from the writing itself, or by a reference contained in it to something else, the writing is not a compliance with the statute; and if the agreement be thus defective, it cannot be supplied by parol proof, for that

would at once introduce all the mischiefs which the statute of frauds and perjuries was intended to prevent."

The memorandum in question contains no reference to any other document, and we are clearly of the opinion that it is not competent to consider the deed alleged to have been delivered as a part of the memorandum required by the statute. It necessarily follows that the second and third questions must also be answered in the negative.

The papers in the cause may be sent back to the District Court of the Eighth Judicial District, with the decision of this court upon the questions submitted certified thereon.

*William J. Brown,* for plaintiff.

*Edward M. Sullivan,* for defendant.