GIUSEPPE CALCI *vs.* PAOLO CAIANILLO.

JANUARY 29, 1925.

PRESENT: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

BARROWS, J.   Heard on respondent's appeal from final decree of the Superior Court ordering respondent to convey certain real estate.

Complainant's bill is based upon the following written contract signed by respondent: "I, the undersigned, Paolo Caianillo, of Pontiac, in the County of Kent and State of Rhode Island, in the Town of Warwick, have received one hundred dollars ($100), as part payment for the buildings which I have sold to him, Mr. Giuseppe Colci, of West Warwick. The entire sum will be six thousand and six hundred dollars ($6600)."

It is conceded that the contract is one for the sale of land and the sole question is whether it contains a sufficient description of the subject matter.

The justice presiding, relying upon *Sholovitz* v. *Noorigian*, 42 R. I. 282, in which case we considered the requirements of a memorandum to satisfy the Rhode Island Statute of Frauds (Gen. Laws, 1909, Chap. 283, § 6 now in force as Gen. Laws, 1923, Chap. 333, § 6), over respondent's objection admitted parol testimony in order to identify the land. The testimony showed that the parties had in mind a definite piece of real estate, that the land referred to was the only land and building owned by respondent in the vicinity where complainant lived and that the reason for refusal to perform the contract was that respondent had received a larger offer for the property.

The descriptive language of the above memorandum is "the buildings I have sold." No mention is made of their location nor, as in the case relied upon by complainant, were both parties residents of the same town. The words used

are indefinite. They do not purport to describe any particular piece of land. The oral evidence did not identify an incomplete description. It created a description where none before existed. This can not be done under the statute. *Ray* v. *Card*, 21 R. I. 362; *Cunha* v. *Callery*, 29 R. I. 230.

We find no case in which it has been held that a memorandum is sufficient where there is an utter absence of description of the property sold. The case of *Robeson* v. *Hornbaker*, 3 N. J. Eq. 60, to which complainant refers, was one where a very full description of the property by metes and bounds was contained in the memorandum and the only defect in the description, as in the *Sholovitz* case, *supra*, was the failure to name the town in which the property was located.

The appeal is sustained. The decree appealed from is reversed and the cause is remanded to the Superior Court with direction to enter a decree dismissing the bill of complaint.

*John F. Murphy*, for complainant.

*Benjamin Cianciarulo, Uldrich Pettine, Angelo Cianciarulo*, for respondent.