[No. 35132.   Department Two.   June 16, 1960.]

JOHN N. BIGELOW *et al., Respondents,* v. GEORGE T. MOOD *et al., Appellants.*[1]

*Kerr, McCord, Greenleaf & Moen,* for appellants.

*Malcolm S. McLeod,* for respondents.

FINLEY, J.—This is an action for specific performance of a written contract for the purchase of real property located in King county. From a judgment on the merits for the plaintiff-purchaser, the defendant-seller appeals. The sole question presented is as to the legal sufficiency of the property description contained in the contract. The contract described the property as follows:

"That portion of Government Lot 2, section 31, Township 23 north, range 4 east, W.M., described as follows:

"Beginning at the southeast corner of lot # 1, Block # 2, Glengael, according to plat thereof recorded in volume 52 of plats, page 87, records of King Co., thence N. 84° 34′ 41″

[1] Reported in 353 P. (2d) 429.

east 15 ft. to the true point of beginning; thence continuing N. 84° 34′ 41″ east 80 feet, thence N. 1° 16′ 38″ W. 107 feet, thence westerly parallel to the south line of government lot 2 to a 20 foot wide driveway to the existing east end of Southwest 183rd. Street, said driveway to be included and determined by survey, being 9,000 square feet, more or less."

We have held consistently that, in order to comply with the statute of frauds, a contract or deed for the conveyance of land must contain a description of the land sufficiently definite to locate it without recourse to oral testimony, or else it must contain a reference to another instrument which does contain a sufficient description. *Bingham v. Sherfey* (1951), 38 Wn. (2d) 886, 234 P. (2d) 489; *Martin v. Seigel* (1949), 35 Wn. (2d) 223, 212 P. (2d) 107, 23 A. L .R. (2d) 1; *Fosburgh v. Sando* (1946), 24 Wn. (2d) 586, 166 P. (2d) 850; *Barth v. Barth* (1943), 19 Wn. (2d) 543, 143 P. (2d) 542; *Martinson v. Cruikshank* (1940), 3 Wn. (2d) 565, 101 P. (2d) 604.

Appellant concedes that the above-quoted description is adequate, both as to course and distance, respecting the south and the east boundaries of the land to be conveyed. He urges, however, that the north boundary is described only by course, not by distance; and that the description is utterly silent as to any western boundary. We agree. First, with respect to the north boundary, the location of the terminus of that line is dependent upon where the "20 foot wide driveway," which, according to the description, is to be included within the land to be conveyed, meets the "existing east end of Southwest 183rd. Street." However, it is uncontradicted that no driveway was in existence at the time the contract was executed; in fact, the contract, on its face, indicates that the location of this driveway remained "to be . . . determined by survey."

Secondly, even if the terminus of the north boundary could be determined, the description contained in the contract is absolutely devoid of any indication as to what course the western boundary line was to follow in returning to the point of origin of the south boundary. There simply is no

western boundary contained in the description. Nor, unlike *Bingham v. Sherfey, supra,* does the description in the present case contain a reference to some other instrument which does include a sufficient description.

Under the reasoning and authority of the decisions cited hereinbefore, the contract fails to comply with the requirements of the statute of frauds. The judgment of the trial court, granting specific performance to the respondent-purchaser, must be reversed. It is so ordered.

WEAVER, C. J., HILL, ROSELLINI, and FOSTER, JJ., concur.