[No. 1072-3. Division Three. March 26, 1975.]

FORREST GARRETT, *Appellant*, v. SHRINERS HOSPITALS FOR CRIPPLED CHILDREN, *Respondent*.

*R. Maurice Cooper* and *William D. Roberts* (of *Cooper & Roberts*), for appellant.

*Horton Herman* (of *Paine, Lowe, Coffin, Herman & O'Kelly*), for respondent.

MUNSON, J.—Plaintiff, Forrest Garrett, is the assignee of Gerald B. Anderson, who entered into an earnest money agreement with the defendant, Shriners Hospitals for Crippled Children, for the purchase of approximately 2,045 acres of land located in Whitman County. Plaintiff sought

specific performance of the earnest money agreement, thereby requiring defendant to execute the sale in accordance with that agreement. The trial court granted the defendant's motion for summary judgment on the basis that the legal description of the property contained in the agreement was inadequate; hence the agreement was void and unenforceable.[1]

Plaintiff contends (1) an adequate legal description was incorporated by reference; and (2) genuine issues of material fact were raised relating to mutual mistake and equitable estoppel. We disagree and affirm.

■ As a general proposition:

[C]ompliance with the statute of frauds in land transaction contracts or deeds requires a description of land sufficiently definite to locate it without recourse to extrinsic evidence or else reference must be made to another instrument which does contain a sufficient description. *Bigelow v. Mood*, (1960), 56 Wn. (2d) 340, 353 P. (2d) 429.

*Tenco, Inc. v. Manning*, 59 Wn.2d 479, 485, 368 P.2d 372 (1962); *Cf. Smith v. Twohy*, 70 Wn.2d 721, 425 P.2d 12 (1967); *Schweiter v. Halsey*, 57 Wn.2d 707, 359 P.2d 821 (1961).

While that proposition has been modified as to real estate brokers' employment contracts, *House v. Erwin*, 83 Wn.2d 898, 905, 524 P.2d 911 (1974), the court in *House* immediately stated:

---

[1]The land description contained in the earnest money agreement reads as follows:

Shriners Hospital for Crippled Children Farm (Nease Property, Endicott, Wa.)

Township 41, Range 16, Section 20—139 acres plus 155 acres;

| " | 41, | " | 16, | " | 28—320 acres | | |
| " | 41, | " | 16, | " | 29—158 " | | |
| " | 41, | " | 16, | " | 21—158 " | " | 475 acres |
| " | 41, | " | 16, | " | 22—640 " | | |

This property is further identified as owned by Shriners Hospital for Crippled Children, National Office, 323 N. Michigan, Chicago, Ill.

The acreage designation, except as to the full section, inadequately describes the location of the land; also the range/township designations are reversed.

In order to avoid any possible misunderstanding, it should be absolutely clear the foregoing relates only to the real estate broker's commission provisions contained in RCW 19.36.010(5) and not with any other requirement of any statute or statutes.

Here, the legal description is obviously inadequate. It merely designates the land to be conveyed as a portion of a larger tract without identifying the particular tract conveyed. *Asotin County Port Dist. v. Clarkston Community Corp.*, 2 Wn. App. 1007, 1010, 472 P.2d 554 (1970). Plaintiff contended during oral argument that "everyone knows where the Nease ranch is"; but we do not perceive the evidence to support that allegation. As seen by reference to the rule cited above, the land must be located without recourse to extrinsic or oral evidence; however, reference to another instrument containing a sufficient description would be adequate.

 Plaintiff's contention that such reference was made is not well taken. The other instrument upon which plaintiff relies is a copy of a lease filed in this proceeding by the defendant, after the plaintiff had instituted suit. No reference to the written lease is made in the earnest money agreement. The fact that there is a tenant upon the property is acknowledged in the agreement. However, mere mention of the tenancy does not constitute sufficient reference to another instrument to incorporate a proper legal description. *Cf. Bingham v. Sherfey*, 38 Wn.2d 886, 234 P.2d 489 (1951).

 Plaintiff next contends that the earnest money agreement, in providing defendant's proper mailing and office address, serves as sufficient reference to the files contained in the defendant's office to constitute an incorporation by reference to a proper legal description. We disagree. While *Platts v. Arney*, 46 Wn. 2d 122, 278 P.2d 657 (1955), does hold that several writings by the party to be charged, although executed at different times, may be construed together to ascertain the terms of the contract and may serve to incorporate a sufficient legal description of the

property, that case does not go so far as to include whatever may be in the files and records of a given corporation at a given address. We affirm the trial court's holding that the earnest money agreement does not make reference to another instrument containing a proper legal description.

If plaintiff's other two contentions, mutual mistake and equitable estoppel, were before the trial court, we find the reference, if any, is in such an oblique posture that we are unable to discern either that the trial court understood these issues were before it, and passed upon them, or that the plaintiff made such a contention. The cases plaintiff cites here in support of these arguments are not found in the trial briefs accompanying this record, nor are these issues perceptibly advanced in the memoranda, depositions, or affidavits. We note plaintiff made three contentions below: (1) failure to raise the defense in a proper responsive pleading, which is not raised here; (2) satisfaction of the statutes of fraud by part performance, which is not raised here; and (3) incorporation by reference, a contention previously discussed.

██ Plaintiff did not seek reformation of the earnest money agreement before the trial court to remedy the defective designation. Had that remedy been sought, the issue of mutual mistake would clearly have been before the trial court. Issues not presented to the trial court will not be heard for the first time on appeal. *Talps v. Arreola,* 83 Wn.2d 655, 521 P.2d 206 (1974).

As for plaintiff's contention that equitable principles should apply to this transaction, we believe, from our review of this record, that equity would leave these parties in their present status.

Judgment affirmed.

McINTURFF, C.J., and GREEN, J., concur.