[No. 6703-3-III.   Division Three.   March 27, 1986.]

ECOLITE MANUFACTURING CO., INC., ET AL, *Appellants,*
v. R. A. HANSON CO., INC., *Respondent.*

*Joseph P. Delay* and *Delay, Curran, Thompson & Pontarolo,* for appellants.

*F. J. Dullanty, Jr.,* and *Winston & Cashatt,* for respondent.

GREEN, C.J.—Ecolite Manufacturing Co., Inc., and James F. Felice executed separate earnest money agreements for the purchase of real estate from R. A. Hanson, Co., Inc. This action was brought by them to specifically enforce those agreements or obtain damages. All parties moved for summary judgment which was granted in favor of Hanson on the basis the agreements did not comply with the statute of frauds. Ecolite and Mr. Felice appeal. We affirm.

The earnest money agreements were both executed in 1978, covering two parcels of real estate in Spokane County. Ronald N. Caferro, on behalf of Ecolite, agreed to purchase "67,500 square feet—*approximate* dimensions being 250' x 270'." (Italics ours.) James Felice agreed to purchase an adjacent "75,000 square feet—*approximate* dimensions being 250' x 300'." (Italics ours.) The agreements described the property as:

> a portion of the R. A. Hanson Co. East Sullivan Industrial Center . . . To be surveyed and attached. . . . The location to be *approximate* as in Attachment A and shall border the East–West perimeter road on the south side of the parceled property.

(Italics ours.) Attachment A to each agreement was a sketch of each parcel. Both agreements were on title company forms which stated:

> The parties herein hereby authorize agent to insert over their signatures the correct legal description of the above designated property if unavailable at time of signing, or to correct legal description entered if erroneous or incomplete.

Neither transaction was closed. About 4 years after the agreements were executed, the broker, who was closing his business, discovered the earnest money was still in his trust account. Since there had been no communication from the parties, he mailed checks for the money to Ecolite and Mr. Felice. They returned the money to the broker and demanded performance. They also employed a surveyor who surveyed the area purportedly covered by attachment A to each of the agreements and prepared a legal description.

Thereafter, this action was commenced for specific performance or damages. The trial judge granted summary judgment dismissing the action on the basis the property descriptions in the earnest money agreements were inadequate to satisfy the statute of frauds and, hence, the agreements were unenforceable. The court also ruled the survey

could not supply the descriptions which were not known at the time the agreements were signed. Ecolite and Mr. Felice appeal contending this was error.

We said in *Howell v. Inland Empire Paper Co.,* 28 Wn. App. 494, 495–96, 624 P.2d 739, *review denied,* 95 Wn.2d 1021 (1981):

> In *Bigelow v. Mood,* 56 Wn.2d 340, 341, 353 P.2d 429 (1960), the court reiterated the long established rule that:
>> [I]n order to comply with the statute of frauds, a contract or deed for the conveyance of land must contain a description of the land sufficiently definite to locate it without recourse to oral testimony, or else it must contain a reference to another instrument which does contain a sufficient description.
>
> (Citations omitted.) It is also well settled that a description which designates the land conveyed as a portion of a larger tract without identifying the particular part conveyed does not meet the requirements of this rule. *Martinson v. Cruikshank,* 3 Wn.2d 565, 567, 101 P.2d 604 (1940); *Garrett v. Shriners Hosps. for Crippled Children,* 13 Wn. App. 77, 79, 533 P.2d 144 (1975); *cf. Kupka v. Reid,* 50 Wn.2d 465, 468, 312 P.2d 1056 (1957); *Mary M. Miller & Sons v. Daniels,* 47 Wash. 411, 413, 92 P. 268 (1907) (tax foreclosure proceedings). An agreement containing an inadequate legal description of the property to be conveyed is void, *Schweiter v. Halsey,* 57 Wn.2d 707, 710, 359 P.2d 821 (1961), and is not subject to reformation, *Fosburgh v. Sando,* 24 Wn.2d 586, 589, 166 P.2d 850 (1946), *Martinson v. Cruikshank, supra* at 568–69, or specific performance, *Herrmann v. Hodin,* 58 Wn.2d 441, 443, 364 P.2d 21 (1961).

*See also Barth v. Barth,* 19 Wn.2d 543, 556, 143 P.2d 542 (1943). The question here is whether attachment A to the agreements and the survey which was made from the attachments rendered the description sufficiently definite to locate the property without recourse to oral testimony. We agree with the trial court that they do not.

The parcels to be conveyed are described by the earnest money agreements as *portions* of a larger undefined parcel—East Sullivan Industrial Center. Their dimensions are listed as *approximate.* Their location is also "*approxi-*

*mate* as in Attachment A". (Italics ours.) In these circumstances, attachment A to the agreements only *approximately* outlines the property to be conveyed. Moreover, the attachments do not show the township, section, range, or meridian within which the property is located. Nor is the southern boundary east–west perimeter road referred to in the description shown on the attachments. They are thus patently insufficient to definitely locate the property without recourse to parol evidence and, therefore, violate the statute of frauds. *See Bigelow v. Mood,* 56 Wn.2d 340, 353 P.2d 429 (1960); *Bingham v. Sherfey,* 38 Wn.2d 886, 234 P.2d 489 (1951); *Fosburgh v. Sando,* 24 Wn.2d 586, 166 P.2d 850 (1946).

■ Assuming a survey could be made from attachment A, its only purpose would be to locate the boundaries of the property on the ground. It follows then that the survey here could only *approximately* locate the boundaries. Thus, it does not cure the inadequate descriptions in the earnest money agreements. *See White v. Rehn,* 103 Idaho 1, 644 P.2d 323 (1982); *Macera v. Cohen,* 106 R.I. 465, 261 A.2d 841 (1970); *U.S. Enters., Inc. v. Dauley,* 535 S.W.2d 623 (Tex. 1976).

■ Further, the survey was obtained by the purchasers, Ecolite and Mr. Felice, 4 years after executing the agreements and after the broker's attempt to refund the earnest money. *See also Williams v. Fulton,* 30 Wn. App. 173, 177 n.2, 632 P.2d 920 (1981); *Garrett v. Shriners Hosps. for Crippled Children,* 13 Wn. App. 77, 533 P.2d 144 (1975) (survey or legal description filed after dispute or suit cannot be used to render earnest money agreement certain pursuant to the statute of frauds). As noted in oral argument, the parties are unable to agree the survey reflects the exact location of the property. The purchasers were not expressly authorized to act as agents of Hanson, the seller and party to be charged, for the purpose of surveying the property and inserting the legal description; nor did Hanson approve the survey and the resulting legal description. *See Schweiter v. Halsey,* 57 Wn.2d 707, 714, 359 P.2d 821

(1961); *Barth v. Barth, supra,* at 557–58 (survey or property description could not be supplied by one who does not possess actual authority); *Platts v. Arney,* 46 Wn.2d 122, 127, 278 P.2d 657 (1955) (documents, to be construed together, must be signed by the party to be charged). Neither do we find implied authority for one of the parties to insert such a material provision—the very subject matter of the agreement. *Barth v. Barth, supra.*

In light of our decision, we need not reach the other questions raised. However, we note the record shows that in addition to the parties' failure to agree upon the property descriptions, they also failed to reach a final agreement upon several other material terms. For example, although the earnest money agreements contemplate future execution of deeds of trust, they do not supply material terms relating to forfeiture, default, risk of loss, liens by third parties, insurance, taxes, acceleration or due–on–sale clauses. Further, the agreements are contingent upon the purchasers' acceptance of unknown and undescribed protective covenants. It is undisputed the covenants were never discussed or drafted. Finally, the State exercised eminent domain over portions of the property, preventing construction of a paved access road which was also required by the agreements. Earnest money agreements, to be enforceable, must reflect that the parties finally agreed upon all material terms. *See Haire v. Patterson,* 63 Wn.2d 282, 386 P.2d 953 (1963); *Hubbell v. Ward,* 40 Wn.2d 779, 246 P.2d 468 (1952); *KVI, Inc. v. Doernbecher,* 24 Wn.2d 943, 965–67, 167 P.2d 1002 (1946); *Keys v. Klitten,* 21 Wn.2d 504, 519, 151 P.2d 989 (1944); *Kapetan v. Kelso,* 4 Wn. App. 312, 481 P.2d 24 (1971). Performance must be both possible and definite, *i.e.,* not left to one party's option. *Spooner v. Reserve Life Ins. Co.,* 47 Wn.2d 454, 458, 287 P.2d 735 (1955); *Interchange Assocs. v. Interchange, Inc.,* 16 Wn. App. 359, 361, 557 P.2d 357 (1976). The agreements here do not meet these requirements.

Summary judgment was properly granted.

Affirmed.

MUNSON and MCINTURFF, JJ., concur.