**NOTICE: SLIP OPINION**
**(not the court's final written decision)**

The opinion that begins on the next page is a slip opinion. Slip opinions are the written opinions that are originally filed by the court.

A slip opinion is not necessarily the court's final written decision. Slip opinions can be changed by subsequent court orders. For example, a court may issue an order making substantive changes to a slip opinion or publishing for precedential purposes a previously "unpublished" opinion. Additionally, nonsubstantive edits (for style, grammar, citation, format, punctuation, etc.) are made before the opinions that have precedential value are published in the official reports of court decisions: the Washington Reports 2d and the Washington Appellate Reports. An opinion in the official reports replaces the slip opinion as the official opinion of the court.

**The slip opinion that begins on the next page is for a published opinion, and it has since been revised for publication in the printed official reports.** The official text of the court's opinion is found in the advance sheets and the bound volumes of the official reports. Also, an electronic version (intended to mirror the language found in the official reports) of the revised opinion can be found, free of charge, at this website: https://www.lexisnexis.com/clients/wareports.

For more information about precedential (published) opinions, nonprecedential (unpublished) opinions, slip opinions, and the official reports, see https://www.courts.wa.gov/opinions and the information that is linked there.

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | | |
|---|---|---|
| TSIGEREDA TEKLU, | ) | No. 82649-2-I |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DJAMSHID SETAYESH, | ) | PUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |
| | ) | |

VERELLEN, J. — The general rule in Washington "subject to some exceptions and qualifications" is that a document that transfers an interest in land must contain a legal description to satisfy the statute of frauds. But one recognized exception to Washington's strict legal description requirement is reference to an assessor's tax parcel number. Specifically, if a document transferring an interest in land contains the tax parcel number and the county in which the property is located, that reference is sufficient to satisfy the statute of frauds if the tax parcel number refers a person of "ordinary intelligence" to records on file in the county assessor's office or in turn to documents on record with the county auditor containing the complete legal description. Such a reference to the tax parcel number and county "furnishes the legal description of the real property

No. 82649-2-I/2

involved with sufficient definiteness and certainty to meet the requirements of the statute of frauds."[1]

Here, because the purchase and sale agreement that Djamshid Setayesh entered into with Tsigereda Teklu contained the tax parcel number and the county in which the property was located, the agreement referred a person of ordinary intelligence to the property account summary containing the "sales history table" on file in the Snohomish County assessor's office, which in turn referred such a person to the complete legal description in the six most recent deeds to the property on record with the Snohomish County auditor.  Here, the inclusion of the tax parcel number coupled with the county in which the property was located satisfied the legal description requirement of the statute of frauds.

Therefore, we affirm.

## FACTS

Djamshid Setayesh owned a parcel of real property in Lynnwood, Washington.  On October 7, 2015, Setayesh entered into a lease agreement, a purchase and sale agreement, and an option to purchase agreement with Tsigereda Teklu.  The agreements provided Teklu with a five-year lease and an option to purchase the property "on or before October 2020."[2]

The property was identified in the purchase and sale agreement as Tax Parcel No. 27041700100700 (Snohomish County), 6416 180th Street SW

---

[1] Bingham v. Sherfey, 38 Wn.2d 886, 889, 234 P.2d 489 (1951).

[2] Clerk's Papers (CP) at 140, 143.

No. 82649-2-I/3

Lynnwood, Washington, 98037. The agreement also provided that the legal description was "Attached as Exhibit A,"[3] but there was no Exhibit A attached.

On September 4, 2019, Teklu exercised the option. Setayesh refused to sell Teklu the property. Teklu brought an action for specific performance against Setayesh.

About a year later, Teklu filed a summary judgment motion. Teklu argued that either she was entitled to specific performance by the terms of the purchase and sale agreement or, in the alternative, based upon part performance. Setayesh responded that the purchase and sale agreement was unenforceable for failure to contain an adequate legal description of the property and that Teklu could not establish her claim of part performance as a matter of law.

The court granted Teklu's summary judgment motion. Setayesh filed a motion for reconsideration, arguing that Teklu failed to proffer adequate evidence to support her claim that using the tax parcel number in a county records search would reveal documents containing a complete legal description of the property. The court granted Setayesh's motion for reconsideration and vacated its initial order.

The next year, Teklu filed a second summary judgment motion, explaining step-by-step how a person could enter the tax parcel number into the assessor's website and find the assessor's property account summary with an abbreviated legal description, together with a sales history table referencing the documents on

_____

[3] CP at 128.

3

file with the county auditor, including the six most recent deeds to the property containing a complete legal description. Setayesh filed a cross motion for summary judgment, again arguing that the purchase and sale agreement failed to comply with the legal description requirement of the statute of frauds and that Teklu did not establish part performance.

On April 23, 2021, in separate orders, the trial court granted Teklu's summary judgment motion and denied Setayesh's cross motion for summary judgment. The court concluded the purchase and sale agreement satisfied the statute of frauds because the tax parcel number coupled with the county in which the property was located constituted a sufficient legal description. The court also granted Teklu attorney fees and costs.

Setayesh appeals.

## ANALYSIS

### I.  Statute of Frauds

Setayesh argues that the trial court erred in granting Teklu specific performance of the purchase and sale agreement because the agreement did not contain a legal description required by the statute of frauds.

We review an order granting summary judgment de novo.[4]  "Summary judgment is proper only when there are no genuine issues of material fact and the

---

[4] Marina Condo. Homeowner's Ass'n v. Stratford at Marina, LLC, 161 Wn. App. 249, 255, 254 P.3d 827 (2011) (citing Hadley v. Maxwell, 144 Wn.2d 306, 310, 27 P.3d 600 (2001)).

No. 82649-2-I/5

moving party is entitled to judgment as a matter of law."[5]  In reviewing an order of summary judgment, "we engage in the same inquiry as the trial court, considering the facts and all reasonable inferences from the facts in the light most favorable to the nonmoving party."[6]

The general rule in Washington, "subject to some exceptions and qualifications[,] is that a document that transfers an interest in land must describe the land by its full legal description" to satisfy the statute of frauds.[7]  In Martin v. Seigel,[8] our Supreme Court held that a legal description must be "sufficiently definite" to locate the land "without recourse to oral testimony."[9]  And in Turpen v. Johnson,[10] our Supreme Court further explained that a legal description is sufficient "if a person of ordinary intelligence and understanding can successfully use the description in an attempt to locate and identify the particular property sought to be conveyed."[11]

---

[5] Id. (citing CR 56(c)).

[6] Id. (citing Right-Price Recreation, LLC v. Connells Prairie Cmty. Council, 146 Wn.2d 370, 381, 46 P.3d 789 (2002)).

[7] 18 WILLIAM B. STOEBUCK AND JOHN W. WEAVER, WASHINGTON PRACTICE: REAL ESTATE: PROPERTY LAW § 13.3, at 78 (2004).

[8] 35 Wn.2d 223, 212 P.2d 107 (1949).

[9] Id. at 227 (quoting Martinson v. Cruikshank, 3 Wn.2d 565, 101 P.2d 604 (1940); see also Ecolite Mfg. Co., Inc. v. R.A. Hanson Co., Inc., 43 Wn. App. 267, 271, 716 P.2d 937 (1986).

[10] 26 Wn.2d 716, 175 P.2d 495 (1946).

[11] Id. at 728-29.

One of the recognized exceptions to Washington's strict legal description requirement is reference to the tax parcel number.[12]  Specifically, our Supreme Court explored the reference to the tax parcel number exception in Bingham v. Sherfey.[13]

In Bingham, the sole question was whether the legal description in the option to purchase satisfied the statute of frauds.[14]  The option described the property as:

> Tax No. 3, in Section Thirty-one, in Township Twelve, North, of Range Forty-two, as at present designated on the tax rolls in the office of the County Assessor of said county, being all of that part of the following described tract of land, to wit:
>
> Beginning at a point on the North line of Main Street in the City of Pomeroy, 394 feet East of the West line of Northeast quarter of Southwest quarter of said Section Thirty-one; thence North 5 [degrees] West 325 feet; thence East 198 feet; thence North 937 feet to North line of Southwest quarter of said Section Thirty-one; thence West 96 feet to the county road, thence along the east line of county road South 29 [degrees] West 265 feet; thence South 16 [degrees] 20′ West 248 feet; thence South 16 [degrees] 15′ West 455 feet; thence South 32′ West 357 feet to Main Street, thence East 284 feet to starting point.[15]

---

[12] One recognized exception is express incorporation by reference where the document transferring the interest in land "expressly incorporates an attached exhibit." Commentators note that there is "also a branch of incorporation by reference that may be called 'judicial incorporation.'"  They conclude description by reference to a tax lot number is one form of such a "judicial incorporation." 18 STOEBUCK AND WEAVER, § 13.3, at 83.  Although no case law or other authority appears to acknowledge the "judicial incorporation" classification or taxonomy in this setting.

[13] 38 Wn.2d 886, 234 P.2d 489 (1951).

[14] Id. at 887.

[15] Id.

Our Supreme Court held that the legal description satisfied the statute of frauds.[16]

The court noted that the only information necessary to satisfy the legal description

requirement was the first paragraph of the description which stated, "Tax No. 3,

. . . as at present designated on the tax rolls in the office of the County Assessor of

said county." [17]  The court observed that the second paragraph attempting a metes

and bounds description, was merely "surplusage."[18]  The court reasoned that the

description of properties by tax parcel number is "sanctioned by statute,"[19] and

case law establishes that in other proceedings, such as tax foreclosure

proceedings, the court has accepted legal descriptions by tax parcel number.[20]

---

[16] Id. at 889.

[17] Id. at 888.

[18] Id.

[19] Id. ("REM. REV. STAT., §11137 provides: 'The assessor shall list all real property according to the largest legal subdivision as near as practicable.  The assessor shall make out in the plat and description book in numerical order a complete list of all lands or lots subject to taxation, . . . ; provided, that the assessor shall give to each tract of land where described by metes and bounds a number, to be designated as Tax No. ___, which said number shall be placed on the tax-rolls to indicate that certain piece of real property bearing such number, and described by metes and bounds in the plat and description book here in mentioned.'").  RCW 84.40.160, the current version of this same statute, continues to require the assessor "give to each tract of land where described by metes and bounds a number, to be designated as Tax No. [___], which said number shall be placed on the tax rolls to indicate that certain piece of real property bearing such number, and described by metes and bounds in the plat and description book herein mentioned."

[20] See Turpen, 26 Wn.2d at 728 (our Supreme Court held that the property was sufficiently described by its tax parcel number ("Assessor's Tax Lot No. 22 of Niels Hendrichsen D.L.C.") for the purposes of a tax foreclosure proceeding even though the metes and bounds description was erroneous); City of Centralia v. Miller, 31 Wn.2d 417, 428-30, 197 P.2d 244 (1948) (our Supreme Court held that

7

No. 82649-2-I/8

And the court upheld the rule from <u>Martin</u> and <u>Turpen</u> that a legal description is sufficient if a person of ordinary intelligence can locate the property without recourse to oral testimony or if it is referenced in another "instrument" that contains a sufficient description.[21] Therefore, <u>Bingham</u> recognizes "that a reference to this public record [the assessor's tax parcel number and county] furnishes the legal description of the real property involved with sufficient definiteness and certainty to meet the requirements of the statute of frauds."[22]

Further, in <u>Washington Practice: Real Estate Transactions</u>, Stoebuck and Weaver, in discussing <u>Bingham</u>, recognize that reference to the tax parcel number "in effect" incorporates "the system of recorded instruments of a county auditor."[23] Specifically, Stoebuck and Weaver note that reference to the tax parcel number "is truly an exception to the strict rule that the description must be found within the four corners of the instrument, for one has to search at least the assessor's records, and perhaps also the auditor's, to obtain the legal description."[24] We agree.

Here, the property was identified in the purchase and sale agreement as Tax Parcel No. 27041700100700 (Snohomish County), 6416 180th Street SW

---

the property was sufficiently described by its tax parcel number, township, and range in Lewis County, Washington for the purposes of a quiet title action).

[21] <u>Bingham</u>, 38 Wn.2d at 888-89.

[22] <u>Id.</u> at 889.

[23] 18 WILLIAM B. STOEBUCK AND JOHN W. WEAVER, WASHINGTON PRACTICE: REAL ESTATE: PROPERTY LAW § 13.3, at 83 (2004).

[24] <u>Id.</u>

8

No. 82649-2-I/9

Lynnwood, Washington, 98037.[25]  It is undisputed that the reference to the tax

parcel number in the purchase and sale agreement leads to the "Snohomish

County Property Account Summary" located on the Snohomish County tax

assessor's website.  The property account summary describes the property as

"SEC 17 TWP 27 RGE 04RT-1B-1) N 130FT OF E 190FT OF NW 1/4 NE 1/4

LESS RDS."[26]

The reference to the tax parcel number and to Snohomish County in the

agreement refers a person of ordinary intelligence to the tax assessor's records,

here, the Snohomish County property account summary, including an abbreviated

legal description and a sales history table.  And that abbreviated legal description,

coupled with the list of documents pertaining to the six most recent sales of the

property, refers a person of ordinary intelligence to the Snohomish County

auditor's official records, including the six most recent deeds each containing a

complete legal description.  Specifically, the deeds describe the property as, "THE

NORTH 130 FEET OF THE EAST 190 FEET OF THE NORTHEAST QUARTER

OF THE NORTHWEST QUARTER OF THE NORTHEAST QUARTER OF

SECTION 17, TOWNSHIP 27 NORTH, RANGE 4 EAST, W.M. IN SNOHOMISH

COUNTY, WASHINGTON, EXCEPT THE NORTH 30 FEET AND THE EAST 30

FEET THEREOF, FOR ROAD."[27]

---

[25] CP at 128.

[26] CP at 74.

[27] CP at 111-23.

9

No. 82649-2-I/10

Therefore, the requirements of <u>Martin</u> and <u>Turpen</u> are satisfied by means of reference to the tax parcel number recognized in <u>Bingham</u> as an exception to the otherwise very strict statute of frauds requirements in Washington. Setayesh's arguments in opposition confuse the law regarding <u>Bingham</u> and its implications.

First, Setayesh argues that <u>Bingham</u> is distinguishable because the option to purchase in <u>Bingham</u> contained an incorporation by reference to the tax parcel number "as at present designated on the tax rolls."[28] But the verbiage "as at present designated on the tax rolls" is not a requirement for the reference to the tax parcel number exception approved in <u>Bingham.</u> Simply stating the correct tax parcel number and the county is adequate. We agree with Stoebuck and Weaver's reading of <u>Bingham</u> that a metes and bounds description is not required where the tax parcel number is provided and it is clear what county is involved.

Setayesh also contends that because the legal description in the assessor's records is inconsistent with the legal description in the records on file with the county auditor, the reference to the tax parcel number exception does not satisfy the statute of frauds. Specifically, the Snohomish County property account summary in the assessor's records provides that the property is the "NW 1/4 NE 1/4," which is different from the complete legal description in the auditor's records, which provides that the property is located on the "northeast quarter of the northwest quarter."[29]

---

[28] Appellant's Br. at 13.

[29] CP at 104, 111.

10

No. 82649-2-I/11

But the assessor's property account summary is not limited to the abbreviated legal description that appears to reverse "NW 1/4" and "NE 1/4."[30] Notably, the assessor's property account summary also includes a sales history table that expressly identifies six prior sales dating from 2005 to 2015, listing for each sale the grantor, the grantee, and the recording date of the transfer documents. And, as set forth in detail in the declaration of Ryan Dyer, the documents pertaining to those prior sales are available by entering the tax parcel number in the Snohomish County official records website. Such an official records search lists all of the officially recorded documents pertaining to the property on file with the Snohomish County auditor, including the six most recent deeds corresponding with the six most recent sales listed in the sales history table. And the deeds associated with those transactions contain a complete legal description of the property. Therefore, the discrepancy in the abbreviated legal description contained in the property account summary must be considered in the context of the sales history table included in the assessor's property account summary. And, in turn, the sales history table refers a person of ordinary intelligence to the complete legal description in the deeds associated with that sales history on file with the county auditor.

Setayesh also argues that Teklu cannot rely on the public records to furnish a legal description because they "constitute extrinsic evidence which Martin held

---

[30] CP at 104.

11

was impermissible."[31]  But the holding in <u>Martin</u> was more limited.  In concluding that a street address alone was insufficient to satisfy the legal description requirement of the statute of frauds, our Supreme Court in <u>Martin</u> noted that a supplemental document containing a legal description does not satisfy the statute of frauds unless it is incorporated because otherwise "parol evidence would have to be resorted to."[32]  But the distinction the court made in <u>Martin</u> is not applicable here because, consistent with <u>Bingham</u>, the reference in the purchase and sale agreement to the tax parcel number refers a person of ordinary intelligence to the assessor's records noted in the property tax summary and in turn to the auditor's documents containing a complete legal description.  Such a reference to the tax parcel number does not implicate parol evidence as the court contemplated in <u>Martin</u>.[33]

Finally, we recognize that it is necessary to document in any particular case how the tax parcel number can lead to specific assessor's records and how, if necessary, those records may in turn refer a person to specific documents in the auditor's records.  Teklu adequately made such a showing here.   We also confirm the best practice clearly remains to expressly recite the complete legal description in the agreement purporting to transfer the property or to expressly incorporate by

---

[31] Appellant's Br. 15-19.

[32] <u>Martin</u>, 35 Wn.2d at 226-28.

[33] Because we conclude that the inclusion of the tax parcel number judicially incorporated the public records containing a complete legal description into the purchase and sale agreement, we need not address Teklu's alternative claim for part performance.

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

reference an attached document containing a complete legal description. But under the right circumstances, a reference to a tax parcel number and county can satisfy the legal description requirement of the statute of frauds.

II.  Attorney Fees

Setayesh argues the trial court erred by awarding attorney fees and costs to Teklu. The lease and the purchase and sale agreement both provide for attorney fees and costs to the prevailing party in litigation. Because Teklu prevailed at trial, she was entitled to attorney fees and costs incurred in the trial court.

Therefore, we affirm.

_____

WE CONCUR:

_____        _____
Coburn, J.                     Appelwick, J.

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.