**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

| | |
|---|---|
| HARLAN MEIER,<br><br>                Respondent,<br><br>v.<br><br>SAKUNTLA DEVI, JOHN DOE DEVI,<br>THE MARITAL COMMUNITY<br>COMPRISED THEREOF, JOHN DOE,<br>JANE DOE,<br><br>                Appellant. | DIVISION ONE<br><br>No. 84179-3-I<br><br>UNPUBLISHED OPINION |

DWYER, J. — Sakuntla Devi appeals an order quieting title to property she contracted to purchase from Harlan Meier. Because genuine issues of material facts exist as to whether the contract contained a legal description sufficient to satisfy the statute of frauds, we reverse the trial court's grant of summary judgment and remand for further proceedings.

I

On July 5, 2019, Devi and Meier entered into a contract for deed (contract) involving Meier's residential property. They agreed that Meier would grant Devi a warranty deed to the property upon Devi's full payment of $100,000. The contract identified the property as "2124 So 254th St, Des Moines, WA 98198,"

tax "Parcel Number: 281755003007." Devi's son began occupying the property on that same day.

In January 2020, Devi and Meier executed a real estate excise tax affidavit that contained a legal description of the property. Devi then recorded the contract, along with the tax affidavit, in King County. Devi's son continued to occupy the property until he died in September 2021.

In December 2021, Meier filed this action against Devi, asserting claims for slander of title, quiet title, ejectment, declaratory relief, Consumer Protection Act[1] violations, and damages. He alleged that Devi forged his signature on the tax affidavit, that the contract did not satisfy the statute of frauds, and that Devi had failed to make the payments as set forth in the contract.

Several months later, Meier filed a motion for summary judgment seeking to quiet title in his favor and remove the contract from the property's title history. He argued that the contract did not legally describe the property by reference "to the lot, block, or addition" and was, therefore, unenforceable under the statute of frauds. Devi responded that the motion should be denied because the contract referred to the property's tax parcel number and the parties signed a tax affidavit. She also countered that the part-performance doctrine applied to this case and made the statute of frauds inapplicable. Meier filed a reply claiming that something more than a tax parcel number was necessary to satisfy the statute of frauds.

---

[1] Ch. 19.86 RCW.

In May 2022, the trial court granted Meier's summary judgment motion and quieted title to the property in his favor. The court concluded that the contract is unenforceable because it does not include a legal description for the property that satisfies the statute of frauds. Devi moved for reconsideration, but the trial court denied her motion.

Devi appeals.

II

We review summary judgment orders de novo and engage in the same inquiry as the trial court, construing the facts and all reasonable inferences therefrom in the light most favorable to the nonmoving party. Marina Condo. Homeowner's Ass'n v. Stratford at Marina, LLC, 161 Wn. App. 249, 255, 254 P.3d 827 (2011). "Summary judgment is appropriate if the pleadings, affidavits, depositions, answers to interrogatories, and admissions on file show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Keithly v. Sanders, 170 Wn. App. 683, 686, 285 P.3d 225 (2012) (citing CR 56(c)). A material fact is one on which the outcome of the litigation depends, in whole or in part. Atherton Condo. Apartment-Owners Ass'n Bd. of Dirs. v. Blume Dev. Co., 115 Wn.2d 506, 516, 799 P.2d 250 (1990).

Whether a contract satisfies the statute of frauds is a question of law that we review de novo. Dickson v. Kates, 132 Wn. App. 724, 733, 133 P.3d 498 (2006) (citing Ed Nowogroski Ins., Inc. v. Rucker, 137 Wn.2d 427, 436-37, 971 P.2d 936 (1999)).

A

Devi first contends that the trial court erred in granting summary judgment. This is so, she avers, because the contract referred to the property's tax parcel number which satisfied the statute of frauds. We disagree.

Our decision in Teklu v. Setayesh[2] is illustrative. There, we upheld a summary judgment order concluding that a purchase and sale agreement concerning a parcel of real property "satisfied the statute of frauds because the tax parcel number coupled with the county in which the property was located constituted a sufficient legal description." Teklu, 21 Wn. App. 2d at 164-65. In doing so, we first observed that "[t]he general rule in Washington, 'subject to some exceptions and qualifications . . . , is that a document that transfers an interest in land must describe the land by its full legal description' to satisfy the statute of frauds. Teklu, 21 Wn. App. 2d at 165 (alteration in original) (quoting 18 WILLIAM B. STOEBUCK & JOHN W. WEAVER, WASHINGTON PRACTICE: REAL ESTATE: TRANSACTIONS § 13.3, at 78 (2d ed. 2004)); see RCW 64.04.010.[3]

Next, we noted that "[o]ne of the recognized exceptions to Washington's strict legal description requirement is reference to the tax parcel number." Teklu, 21 Wn. App. 2d at 166. In Teklu, "the property was identified in the purchase and

---

[2] 21 Wn. App. 2d 161, 505 P.3d 151, review denied, 199 Wn.2d 1028 (2022). Even though Teklu was announced more than a month prior to the summary judgment hearing, neither party apprised the trial court of this decision. Nor did the parties bring the Teklu decision to our attention in their appellate briefing.

[3] A "legal description must be 'sufficiently definite' to locate the land 'without recourse to oral testimony.'" Teklu, 21 Wn. App. 2d at 165-66 (internal quotation marks omitted) (quoting Martin v. Seigel, 35 Wn.2d 223, 227, 212 P.2d 107 (1949)). And "a legal description is sufficient 'if a person of ordinary intelligence and understanding can successfully use the description in an attempt to locate and identify the particular property sought to be conveyed.'" Teklu, 21 Wn. App. 2d at 166 (quoting Turpen v. Johnson, 26 Wn.2d 716, 728-29, 175 P.2d 495 (1946)).

sale agreement as tax parcel no. 27041700100700 (Snohomish County), 6416 180th Street SW Lynnwood, Washington, 98037." 21 Wn. App. 2d at 168. We then explained how that property's tax parcel number would lead to the discovery of its full legal description:

> The reference to the tax parcel number and to Snohomish County in the agreement refers a person of ordinary intelligence to the tax assessor's records, here, the Snohomish County property account summary, including an abbreviated legal description and a sales history table. And that abbreviated legal description, coupled with the list of documents pertaining to the six most recent sales of the property, refers a person of ordinary intelligence to the Snohomish County auditor's official records, including the six most recent deeds, each containing a complete legal description. . . .
> . . . .
> Finally, we recognize that it is necessary to document in any particular case how the tax parcel number can lead to specific assessor's records and how, if necessary, those records may in turn refer a person to specific documents in the auditor's records. Teklu adequately made such a showing here. We also confirm the best practice clearly remains to expressly recite the complete legal description in the agreement purporting to transfer the property or to expressly incorporate by reference an attached document containing a complete legal description. But under the right circumstances, a reference to a tax parcel number and county can satisfy the legal description requirement of the statute of frauds.

Teklu, 21 Wn. App. 2d at 169, 171-72.

As the legal arguments raised on appeal in Teklu parallel those raised by Devi in this case, our reasoning in Teklu applies in this case. Here, the contract identifies the property by its street address in Des Moines and by tax parcel number "281755003007." While there is no dispute that Des Moines is located in King County, the county's records reveal no real property under that tax parcel number. Rather, as the trial court determined, the correct tax parcel number associated with the property at issue in this case is 2817550030. "Simply stating

the correct tax parcel number and the county is adequate" to satisfy the statute of frauds, Teklu, 21 Wn. App. 2d at 169-70, but that was not done here. Because the contract identifies an incorrect tax parcel number, that reference does not lead a person of ordinary intelligence to county records that contain the full legal description of the property. Thus, no trial court error is established on this basis.

B

Devi next avers that the trial court erred by failing to consider that the contract incorporated the supplemental real estate excise tax affidavit, which contained a legal description, to meet the requirements of the statute of frauds. We agree.

Our Supreme Court has consistently held that, "in order to comply with the statute of frauds, a contract or deed for the conveyance of land must contain a description of the land sufficiently definite to locate it without recourse to oral testimony, or else must contain a reference to another instrument which does include a sufficient description." Bingham v. Sherfey, 38 Wn.2d 886, 889, 234 P.2d 489 (1951) (citing Martinson v. Cruikshank, 3 Wn.2d 565, 101 P.2d 604 (1940); Barth v. Barth, 19 Wn.2d 543, 143 P.2d 542 (1943); Fosburgh v. Sando, 24 Wn.2d 586, 166 P.2d 850 (1946)). In this case, in paragraph 27, the contract recognized that the parties could amend, modify, or add additional obligations to their agreement as follows:

> Any amendments or modifications of this Agreement or additional
> obligations assumed by either party in connection with this
> Agreement will only be binding if they are evidenced in writing and
> signed by each party or an authorized representative of each party.

Devi presented a tax affidavit signed by both parties, containing a sufficient legal description of the property,[4] as evidence of their intent to incorporate the same into the contract.  On summary judgment, we must accept and view Devi's evidence in the light most favorable to her.  To the extent Meier disputes that he did not execute the tax affidavit and contends the document is fraudulent, a genuine issue of material fact exists for trial.  The trial court erred by granting summary judgment quieting title in Meier's favor.

Reversed and remanded.[5]

WE CONCUR:

---

[4] The tax affidavit described the property as: "LOT 3, GOLDEN ACRES, ACCORDING TO THE PLAT THEREOF RECORDED IN VOLUME 115 OF PLATS, PAGE(S) 33 AND 34, IN KING COUNTY, WASHINGTON."

[5] Given the grounds upon which we are remanding this matter, we do not analyze Devi's additional contentions that summary judgment was inappropriate due to her part performance of the contract and other equitable grounds.  Devi also claims that the trial court erred in awarding attorney fees to Meier and asks that we vacate that award.  But the record before us does not contain a fee award or related pleadings.  On remand, Devi is free to ask the trial court to revisit its fee award.