202 P.3d 960 (2009)
BROGAN & ANENSEN LLC, a Washington limited liability company, Respondent,
v.
Wayne LAMPHIEAR, Petitioner.
No. 81825-8.
Supreme Court of Washington, En Banc.
March 12, 2009.
Julie K. Cook, Bonin & Cook PS, Shelton, WA, for Petitioner.
*961 John L. Jarrett, Attorney at Law, Tumwater, WA, for Respondent.
Ken Brogan, Tumwater, WA, pro se.
PER CURIAM.
¶ 1 At issue is whether extrinsic evidence is admissible to interpret a purchase and sale agreement. Concluding that the evidence does not modify or add to the contract terms at issue, we hold the evidence is admissible.
¶ 2 Because we are reviewing an order of summary judgment, we view the evidence in a light favorable to the nonmoving party, Wayne Lamphiear. Lamphiear owned 64 acres just outside of McCleary, Washington. He frequented the Next Door Café, a local restaurant, as did Garry Anensen, who had earlier formed Brogan & Anensen LLC with his business partner, Kenny Brogan. Anensen and Brogan wanted to buy Lamphiear's property for development purposes. The property was zoned for one dwelling per five acres. Anensen and Lamphiear negotiated the purchase at the Next Door Café. According to the excluded evidence, several patrons overheard the negotiations. Lamphiear, who was 75, was purchasing an adjacent property and wanted to be allowed one year to move his manufactured home to the new property. Anensen told Lamphiear that he and Brogan were interested in only the land, so Lamphiear could continue to live on the property for a year while he dismantled the buildings and moved them to his new property.
¶ 3 A few days later, Anensen presented a form real estate sales agreement to Lamphiear. The agreement did not mention Anensen's purported oral agreement to allow Lamphiear to continue living on the property for one year, nor did it mention that Lamphiear could move the buildings off the property. Lamphiear said that he asked Anensen why the agreement failed to mention these terms. Anensen allegedly replied that his word was his bond and that Lamphiear should sign the agreement to avoid further delay and costs. Lamphiear signed the agreement, and the sale closed at the end of May 2005.
¶ 4 Lamphiear stayed on the property and started selling his horses and dismantling the barn. Anensen and Brogan tried to get the zoning changed to one house per acre, but when they were unsuccessful, they put the property on the market in November 2005, listing it at twice the May sales price of $500,000. According to Lamphiear, Anensen then told him to get off the property and leave the buildings behind. When Lamphiear insisted that he had one year to move his house, Anensen and Brogan filed suit to enforce possession under the sales agreement and moved for summary judgment. Lamphiear submitted several affidavits from individuals present at the Next Door Café, who claimed they heard Anensen promise Lamphiear he could take a year to move his home and buildings off the property.
¶ 5 The trial court granted summary judgment to Brogan and Anensen, concluding that that agreement was fully integrated and thus extrinsic evidence was inadmissible to modify the agreement's terms. The court awarded attorney fees to Anensen and Brogan under the agreement.
¶ 6 The Court of Appeals affirmed, holding that the affidavits were not admissible to modify the terms of the fully integrated agreement. We grant review and reverse.
¶ 7 The parol evidence rule precludes the use of extrinsic evidence to add to, subtract from, modify, or contradict the terms of a fully integrated written contract; that is, a contract intended as a final expression of the terms of the agreement. DePhillips v. Zolt Constr. Co., 136 Wash.2d 26, 32, 959 P.2d 1104 (1998). But a party may offer extrinsic evidence in a contract dispute to help the fact finder interpret a contract term and determine the contracting parties' intent regardless of whether the contract's terms are ambiguous. Berg v. Hudesman, 115 Wash.2d 657, 667-69, 801 P.2d 222 (1990). Extrinsic evidence is not admissible, however, to show intention independent of the contract. Hollis v. Garwall, Inc., 137 Wash.2d 683, 695, 974 P.2d 836 (1999). Washington courts focus on objective manifestations of the contract rather than the subjective intent of the parties; thus, the subjective intent of *962 the parties is generally irrelevant if the intent can be determined from the actual words used. Hearst Commc'ns, Inc. v. Seattle Times Co., 154 Wash.2d 493, 504, 115 P.3d 262 (2005).
¶ 8 The sales agreement here stated that it constituted the entire understanding between the parties and superseded all prior or contemporaneous understandings and representations. It further provided that it could be modified in writing only after agreement by the parties. Here, the issue is the date the buyers had a right of possession. The Court of Appeals held that because the agreement required the seller to deliver keys to the buyer on the closing date or on the possession date, whichever occurred first, Anensen and Brogan were unambiguously entitled to possession on the closing date.
¶ 9 We disagree. The agreement provided that the buyer was entitled to possession at 9:00 p.m. on the "possession date." And the form agreement stated that the "possession date" was on closing, any number of days after closing, or at any other agreed time. Next to each of these choices was a box. But the parties did not check any of the boxes. The "possession date" was therefore undefined. It does not clearly follow from the fact that the seller had to deliver the keys on the earlier of the closing date or the possession date that the "possession date" was the same as the closing date. Under the contract terms, the "possession date" could have been any number of days after closing.
¶ 10 The term "possession date" is thus ambiguous. And in any event, extrinsic evidence can be presented to determine the parties' intent in defining a contract term. Since the right to possession under the contract depends on the "possession date" and since that term is otherwise undefined, using extrinsic evidence to define the date of possession does not alter, modify, or contradict any clear contract term or show intent independent of the agreement. The extrinsic evidence is thus admissible to help define the "possession date."
¶ 11 We do not speculate on the weight or credibility of the extrinsic evidence, concluding only that it is admissible and raises material questions of fact making summary judgment inappropriate at this juncture.
¶ 12 We reverse and remand to the trial court for further proceeding consistent with this opinion.