**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| GLOBAL BARISTAS LLC, <br><br> Appellant, <br><br> v. <br><br> TC GLOBAL INC, <br><br> Appellee. | No.   14-35715 <br><br> D.C. No. 2:14-cv-00431-RSL <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington
Robert S. Lasnik, Senior District Judge, Presiding

Submitted September 2, 2016[**]
Seattle, Washington

Before:  HAWKINS, McKEOWN, and DAVIS,[***] Circuit Judges.

Global Baristas, LLC ("Buyer") appeals the district court's order affirming the

bankruptcy court's grant of partial summary judgment in favor of debtor TC Global,

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The  panel  unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Andre M. Davis, Senior Circuit Judge for the U.S. Court
of Appeals for the Fourth Circuit, sitting by designation.

Inc. ("Seller").  The bankruptcy court held that Buyer had breached a provision of an asset purchase agreement between it and Seller, which provided for certain post-closing adjustments to the purchase price.

The district court did not err by affirming the bankruptcy court's grant of partial summary judgment to Seller on the breach of contract claim.  The contract unambiguously required Buyer to make specific adjustments to the purchase price following closing.  These were not items left to Buyer's discretion, but mandatory obligations:  "Buyer *shall*" deliver its proposed adjustments within thirty days, and "the [p]urchase [p]rice *shall* be adjusted" upward/downward based on various factors set forth in great detail in the agreement.  The use of the phrase "if any" before the defined term "Buyer Adjustment Amounts" in the contract clearly refers only to the theoretical possibility that there could be an adjustment of $0 because many of the adjustment provisions used pre-closing ballpark estimates that would not trigger post-closing adjustments to the purchase price unless the actual amounts wound up being significantly greater or significantly lower than expectations.  It does nothing, however, to render the contract ambiguous or convert Buyer's clearly defined and mandatory obligation to engage in the adjustment process into an optional action on Buyer's part.

2

Nor did the bankruptcy court abuse its discretion by declining to continue the summary judgment hearing to allow Buyer to propound discovery. Buyer sought a continuance to conduct discovery into the subjective intent of the parties to the contract, but extrinsic evidence of intent is generally irrelevant if the parties' intent can be determined from the words actually used, as it could with this unambiguous contract. *See Brogan & Anensen LLC v. Lamphiear*, 202 P.3d 960, 961-62 (Wash. 2009) (per curiam) (extrinsic evidence cannot be used to modify or contradict terms of agreement or show an intention independent of the contract).

Buyer's argument that the bankruptcy court failed to determine that its breach of contract caused the damages claimed by Seller is raised for the first time on appeal, and we deem it waived. *See Hillis v. Heineman*, 626 F.3d 1014, 1019 (9th Cir. 2010).

**AFFIRMED.**