IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| MICAH FLORY and PROSITE, LLC, a Washington Limited Liability Company, dba PROSITE PEST CONTROL, | ) ) ) | No. 40555-9-III |
| | ) | |
| Appellants, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| TRIPLE S UNIVERSITY WAY, LLC, a Washington Limited Liability Company, | ) ) | |
| | ) | |
| Respondent. | ) | |

COONEY, J. — Micah Flory and Prosite, LLC (collectively "Mr. Flory") filed a complaint against Triple S University Way, LLC for breach of contract, promissory estoppel, negligent misrepresentation, and fraudulent inducement. The trial court stayed discovery pending Triple S's motion for summary judgment. Thereafter, the court granted Triple S's motion for summary judgment, dismissing Mr. Flory's complaint with prejudice. Mr. Flory moved for reconsideration. The trial court denied reconsideration and awarded Triple S sanctions under CR 11. Mr. Flory appeals. Finding no error, we affirm.

BACKGROUND

Stephen Hayden, the sole member and manager of Triple S, purchased commercial property (Property) in Ellensburg, Washington. He later conveyed the Property to Triple S. Micah Flory owns Prosite, LLC, a pest control business he operated from his home until 2018. Mr. Flory and Mr. Hayden became acquainted with one another in early 2018. The two entered into an oral one-year rental agreement in March 2018, whereby Mr. Flory would rent the Property from Triple S for $3,500 per month triple net.[1] Shortly thereafter, Mr. Flory and Mr. Hayden discussed Mr. Flory purchasing the Property. Mr. Hayden provided Mr. Flory with an appraisal of the Property and several amortization schedules that reflected potential seller financing. Mr. Flory was unable to afford the Property under any of the options.

In March 2019, at the conclusion of the one-year rental term, Mr. Flory and Mr. Hayden negotiated Mr. Flory's continued lease of the Property. The parties dispute the exact terms of the agreement. Mr. Flory contends that he and Mr. Hayden agreed to a five-year lease with an option for him to purchase the Property at any time for $1,250,000. Mr. Hayden contends he agreed to lease the Property on a month-to-month basis. Regardless of the disputed provisions, Mr. Hayden made notes about the

---

[1] Triple net places the responsibility for paying taxes, insurance, and maintenance on the tenant.

"agreement" on a small sheet of paper that was executed by the parties. Clerk's Papers

(CP) at 142. Below are Mr. Hayden's notes (hereinafter "Note"):



CP at 36.

In 2022, Mr. Flory decided the rent was too high and informed Mr. Hayden he

planned on vacating the property. Mr. Flory claims Mr. Hayden responded that he could

not move out because the lease ran through March 2024. Mr. Flory further claims it was

then that he decided to exercise his option to purchase the Property, but Mr. Hayden failed to perform, thus breaching their contract.

Mr. Flory filed a complaint against Triple S for breach of contract, contending that Triple S's failure to perform on Mr. Flory's option to purchase the property violated their agreement. Triple S answered the complaint, asserting the Note failed to satisfy the statute of frauds, among other defenses.

Mr. Flory served Triple S notice of its intent to take Mr. Hayden's deposition. In response, Triple S filed a motion to stay discovery pending a ruling on its motion for summary judgment. The court granted the motion to stay discovery and later granted Triple S's motion for summary judgment. The court denied Triple S's request for sanctions under CR 11.

Mr. Flory moved for reconsideration, arguing, among other issues, that he was entitled to a refund of his rental payments from March 2023 through April 2024 because the court found the Note did not satisfy the statute of frauds. Triple S responded, again requesting sanctions under CR 11. The court denied Mr. Flory's motion for reconsideration and granted Triple S's request for CR 11 sanctions. Judgment was entered against Mr. Flory and his attorney, jointly and separately, in the amount of $29,712.13.

Mr. Flory timely appeals. On appeal, Mr. Flory claims the trial court erred in: (1) granting summary judgment without considering part performance, (2) staying

discovery, (3) not reversing lease payments, and (4) granting Triple S's motion for sanctions. We disagree with each contention and affirm.

ANALYSIS

SUMMARY JUDGMENT

Mr. Flory argues the trial court erred when it granted Triple S's motion for summary judgment without considering part performance as an exception to the statute of frauds. We disagree.

A trial court's ruling on summary judgment is reviewed de novo. *SentinelC3, Inc. v. Hunt*, 181 Wn.2d 127, 140, 331 P.3d 40 (2014). The appellate court engages in the same inquiry as the trial court and views all facts and reasonable inferences from the facts in the light most favorable to the nonmoving party. *Id.* "Summary judgment is appropriate 'if the pleadings, depositions, . . . together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Clements v. Travelers Indem. Co.*, 121 Wn.2d 243, 249, 850 P.2d 1298 (1993) (quoting CR 56(c)). "A material fact is one that affects the outcome of the litigation." *Owen v. Burlington N. & Santa Fe R.R. Co.*, 153 Wn.2d 780, 789, 108 P.3d 1220 (2005). Absent supporting evidence, bare assertions of a genuine issue of material fact are insufficient to defeat summary judgment. *Trimble v. Washington State Univ.*, 140 Wn.2d 88, 93, 993 P.2d 259 (2000).

An agreement or contract that by its terms "is not to be performed in one year from the making thereof" is void unless it is in writing and signed by the party against whom enforcement is sought. RCW 19.36.010. "Every conveyance of real estate, or any interest therein, and every contract creating or evidencing any encumbrance upon real estate, shall be by deed." RCW 64.04.010. Deeds must be in writing and signed by the party bound thereby. *Id*. Thus, an agreement or contract for the conveyance of real property must be in writing to satisfy the statute of frauds. "The purpose of the statute of frauds is 'the prevention of fraud arising from uncertainty inherent in oral contractual undertakings.'" *Losh Family, LLC v. Kertsman*, 155 Wn. App. 458, 465, 228 P.3d 793 (2010) (quoting *Miller v. McCamish*, 78 Wn.2d 821, 849, 479 P.2d 919 (1971)).

With respect to the conveyance of real property, the statute of frauds requires the written agreement or contract contain a description "sufficiently definite to locate [the property] without recourse to oral testimony, or else it must contain a reference to another instrument which does contain a sufficient description [of the property]." *Bigelow v. Mood*, 56 Wn.2d 340, 341, 353 P.2d 429 (1960). This generally requires "the description of such property by the correct lot number(s), block number, addition, city, county, and state." *Martin v. Seigel*, 35 Wn.2d 223, 229, 212 P.2d 107 (1949). The writing must further contain the "subject matter of the contract, the parties, the promise, the terms and conditions, and . . . the price or consideration." *Family Med. Bldg., Inc. v. Dep't of Soc. & Health Servs.*, 104 Wn.2d 105, 108, 702 P.2d 459 (1985).

6

Extrinsic evidence may not be used to add to the terms of a written contract for the conveyance of property. *Brogan & Anensen LLC v. Lamphiear*, 165 Wn.2d 773, 775, 202 P.3d 960 (2009). However, extrinsic evidence may be used to assist the finder of fact in interpreting a contract term and determining the contracting parties' intent, but not to show intention independent of the contract. *Id*. "Washington courts focus on objective manifestations of the contract rather than the subjective intent of the parties; thus, the subjective intent of the parties is generally irrelevant if the intent can be determined from the actual words used." *Id*. at 776.

Mr. Flory claims, "the formal lease/option agreement was written on [a] small notebook page by MR. HAYDEN," and that he

> understood the option to mean that he could buy the PROPERTY at any time during the lease period for the sum of $1,250,000.00 with $250,000.00 down payment on a ten year note and the balance at 6%, which was based on the prior documentation given to him from MR. HAYDEN.

CP at 5-6. Notwithstanding Mr. Flory's subjective understanding of the agreement, the Note lacks any description of the property at issue, the purchase price, and all other essential terms and conditions.

Where, as here, a party seeks specific performance, there must be "clear and unequivocal" evidence that "'leaves no doubt as to the terms, character, and existence of the contract.'" *Powers v. Hastings*, 93 Wn.2d 709, 717, 713, 612 P.2d 371 (1980) (quoting *Miller*, 78 Wn.2d at 829.). Lacking any description of the property, the

purchase price, and all other terms and conditions renders the Note wholly inadequate under the statute of frauds. The Note is not a valid and enforceable option agreement for the conveyance of the Property.

To overcome the Note's deficiencies, Mr. Flory asserts the trial court erred in failing to consider part performance as an exception to the statute of frauds. He claims the part performance doctrine may be used to remove the option agreement from the statute of frauds.[2] We agree that, in limited circumstances, part performance may remove an option contract from the statute of frauds. Part performance, however, may not be used to spawn terms and conditions that were never agreed on by the parties.

Part performance is a doctrine of equitable estoppel that creates a legal exception to the statute of frauds, allowing a party to demonstrate an oral or a part oral contract for the sale of real property existed and is therefore enforceable. *Dankievitch v. Lawrence*,

---

[2] Mr. Flory relies on *Powers v. Hastings*, 20 Wn. App. 837, 846, 582 P.2d 897 (1978), *aff'd*, 93 Wn.2d 709, 612 P.2d 371 (1980). In dicta, the *Powers* court opined the oral contract could have been enforced under partial performance because the plaintiff had possession of the farm, was paying higher than normal rent, and had made substantial improvements to the farm. 20 Wn. App. at 847. Unlike the facts before us, the court in *Powers* relied on the testimony of the defendant who, on six occasions, admitted to the existence of an option contract and its terms. *Id.* at 843-46. The court held "the testimony of [the] defendant . . . in open court as to the details of the oral lease with option to purchase constitutes sufficient 'memoranda' or 'writings' to satisfy the statute of frauds, for we view recorded court testimony as equivalent to signed depositions." *Id.* at 846.

22 Wn. App. 2d 749, 757-58, 513 P.3d 804 (2022).  The elements of part performance are: "(1) delivery and assumption of actual and exclusive possession [of the property]; (2) payment or tender of consideration; and (3) the making of permanent, substantial and valuable improvements, referable to the contract." *Id.* at 757.  The party claiming part performance bears the burden of showing "'acts unequivocally referring to, and resulting from, that agreement . . . such as would not have been done unless with a direct view to the performance of that very agreement.'" *Friedl v. Benson*, 25 Wn. App. 381, 390, 609 P.2d 449 (1980) (quoting *McKay v. Calderwood*, 37 Wash. 194, 198, 79 P. 629 (1905)).

Here, the parties agree Mr. Flory had exclusive possession of the property. Mr. Flory has satisfied the first element.  As to the second element, Mr. Flory claims rent was increased by $500 per month in consideration of his option to purchase the Property throughout the 60-month lease.  Fatal to Mr. Flory's argument is any reference to consideration in the Note.  Indeed, the Note is void of any reference to Mr. Flory's rent being increased in exchange for an option to purchase the property.  Mr. Flory fails to establish the second element.  Lastly, Mr. Flory is unable to show he made permanent, substantial, and valuable improvements to the Property.  Mr. Flory claims he placed three shipping containers on the Property.  However, he does not explain how these containers are permanent, substantial, and valuable improvements.  Shipping containers are typically portable units capable of being moved from one location to another.  Mr. Flory fails to establish the third element.

Mr. Flory has failed to satisfy the elements of part performance as an exception to the statute of frauds. Moreover, Mr. Flory advances part performance as an attempt to introduce material and essential terms that are absent from the Note rather than supplementing the Note. The trial court did not err in failing to consider part performance as an exception to the statute of frauds.

We affirm the trial court's order granting Triple S's motion for summary judgment dismissal of Mr. Flory's complaint.

ORDER STAYING DISCOVERY

Mr. Flory argues the trial court erred when it stayed discovery, thereby precluding the deposition of Mr. Hayden. We disagree.

A trial court possesses broad discretion under CR 26 to manage the discovery process and, if necessary, to limit the scope of discovery. CR 26(b), (c); *Rhinehart v. Seattle Times Co.*, 98 Wn.2d 226, 232, 654 P.2d 673 (1982), *aff'd*, 467 U.S. 20, 104 S. Ct. 2199, 81 L. Ed. 2d 17 (1984).

Trial court discovery rulings are reviewed under the abuse of discretion standard. *In re Det. of Halgren*, 156 Wn.2d 795, 802, 132 P.3d 714 (2006). A court "abuses its discretion when it acts on untenable grounds or its ruling is manifestly unreasonable." *State v. Gaines*, 194 Wn. App. 892, 896, 380 P.3d 540 (2016). This is a very deferential standard. *Hoffman v. Kittitas County*, 4 Wn. App. 2d 489, 495, 422 P.3d 466 (2018), *aff'd*, 194 Wn.2d 217, 449 P.3d 277 (2019). A "decision is based 'on untenable grounds'

or made 'for untenable reasons' if it rests on facts unsupported in the record or was reached by applying the wrong legal standard." *State v. Rohrich*, 149 Wn.2d 647, 654, 71 P.3d 638 (2003) (quoting *State v. Rundquist*, 79 Wn. App. 786, 793, 905 P.2d 922 (1995)). A "decision is 'manifestly unreasonable' if the court, despite applying the correct legal standard to the supported facts, adopts a view 'that no reasonable person would take,' and arrives at a decision 'outside the range of acceptable choices.'" *Rohrich*, 149 Wn.2d at 654 (citation omitted) (quoting *State v. Lewis*, 115 Wn.2d 294, 298-99, 797 P.2d 1141 (1990); *Rundquist*, 79 Wn. App. at 793).

Mr. Flory sought to depose Mr. Hayden, the sole and managing member of Triple S. Mr. Flory claims the deposition of Mr. Hayden would have yielded evidence sufficient to defeat Triple S's motion for summary judgment. We disagree.

In a declaration in support of his motion for summary judgment, Mr. Hayden declared:

> I never agreed to sell the Property to Plaintiffs. I never agreed and I never would have agreed to sell the Property at the price that Plaintiffs claim was agreed upon. There are no writings that establish or would establish any contract. There was never any agreement reached for any sale of the Property.

CP at 25. Mr. Hayden denies agreeing to sell the Property under the terms asserted by Mr. Flory. He further denies the existence of any agreement, written or oral, between the parties that would constitute a contract. Mr. Flory could not have discovered evidence through the deposition of Mr. Hayden that would satisfy the statute of frauds. Neither the

amortization schedule nor the appraisal of the Property can be used to add essential terms to the Note as the Note does not incorporate any other document. The trial court did not abuse its discretion when it stayed discovery.

REQUEST FOR REVERSAL OF LEASE PAYMENTS

Mr. Flory claims the trial court erred when it concluded the Note was not an option to purchase the Property yet did not reverse the lease payments. We decline review of the alleged error.

Mr. Flory first raised the issue of reversal of the lease payments in his motion for reconsideration. CR 59 governs motions for reconsideration. CR 59 does not permit a party to propose new theories of the case that could have been raised before entry of an adverse decision. *JDFJ Corp. v. Int'l Raceway, Inc.*, 97 Wn. App. 1, 7, 970 P.2d 343 (1999).

Because Mr. Flory did not properly raise the issue of reversal of the lease payments prior to the court's order on summary judgment, it is beyond our scope of review under RAP 9.12, and we will not consider the argument on appeal.

SANCTIONS

Mr. Flory argues the trial court abused its discretion when it ordered sanctions against him and his attorney. We disagree.

We review a trial court's imposition of CR 11 sanctions for an abuse of discretion. *Biggs v. Vail*, 124 Wn.2d 193, 197, 876 P.2d 448 (1994).

RCW 4.84.185 allows the prevailing party in a civil action to recover fees for having to defend a frivolous action. *Gordon v. Robinhood Fin., LLC*, 31 Wn. App. 2d 185, 204, 547 P.3d 945 (2024). "A frivolous action is one that cannot be supported by any rational argument on the law or facts." *Rhinehart*, 59 Wn. App. at 340. Correspondingly, CR 11(a) requires every pleading to be signed by an attorney or party, constituting "a certificate by the party or attorney that the party or attorney has read the pleading, motion, or legal memorandum, and that to the best of the party's or attorney's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: (1) it is well grounded in fact. . . . "

As a preliminary matter, Mr. Flory claims he was denied due process when the court ordered sanctions without allowing him an opportunity to first respond to Triple S's untimely request for sanctions. We disagree for two reasons. First, Mr. Flory was put on notice of Triple S's request for attorney fees since the conception of this litigation. Triple S requested attorney fees in its answer and amended answer. Then, in its motion for summary judgment, Triple S requested sanctions under CR 11. Secondly, Mr. Flory failed to object to Triple S's untimely, and possibly unnecessary, response to his motion for reconsideration. This court may refuse to review a claim of error that was not raised at the trial court level. RAP 2.5. Requiring error preservation through objections "serves the goal of judicial economy by enabling trial courts to correct mistakes and thereby

obviate the needless expense of appellate review and further trials." *State v. Lazcano*, 188 Wn. App. 338, 356, 354 P.3d 233 (2015).

Turning to the merits, the trial court did not abuse its discretion in ordering sanctions against Mr. Flory and his attorney. Washington has long held that the conveyance of real property must satisfy the statute of frauds. This generally requires the writing to contain a description of the property that is sufficiently definite to locate it without recourse to oral testimony, the subject matter of the contract, the parties to the contract, and the price or consideration. The Note on which Mr. Flory based his complaint contained none of the required terms. His complaint is unsupported by any rational argument in fact or law.

The trial court did not abuse its discretion in ordering CR 11 sanctions against Mr. Flory and his attorney.

ATTORNEY FEES ON APPEAL

Triple S requests attorney fees and costs under RAP 18.1 and RAP 18.9.

The appellate court, on its own initiative or on the motion of a party, may order a party or counsel who files a frivolous appeal "to pay terms or compensatory damages to any other party who has been harmed by the delay or the failure to comply or to pay sanctions to the court." RAP 18.9(a). "Compensatory damages" include an award of attorney fees and costs to the opposing party. *Rhinehart*, 59 Wn. App. at 342. "An appeal is frivolous if, considering the entire record, the court is convinced that the appeal

presents no debatable issues upon which reasonable minds might differ and that it is so devoid of merit that there is no possibility of reversal." *Lutz Tile, Inc. v. Krech*, 136 Wn. App. 899, 906, 151 P.3d 219 (2007). In deciding whether an appeal is frivolous, all doubts are resolved in favor of the appellant. *Id*.

As discussed above, the Note on which Mr. Flory has based the entirety of this litigation is completely devoid of the terms necessary to contract for the conveyance of real property. Following our review, there are no debatable issues on which reasonable minds might differ, and Mr. Flory's appeal is so devoid of merit that there is no possibility of reversal. Consequently, we award Triple S attorney fees and costs on appeal.

Affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Cooney, J.

WE CONCUR:

_____         _____
Lawrence-Berrey, C.J.                      Fearing, J.

15